■ In the Matter of HLV ASSOCIATES, Respondent, v ANGELO J. APONTE, Appellant. [636 NYS2d 52] —Order, Supreme

Court, Bronx County (Hansel McGee, J.), entered February 10, 1994, which granted the petitioner's application pursuant to CPLR article 78 to vacate an order of the Deputy Commissioner of the Division of Housing and Community Renewal (DHCR), Joseph D'Agosta, dated February 5, 1993, which affirmed an order of the District Rent Administrator, dated March 14, 1989, which determined that the rent for parking spaces in the landlord's garage is subject to the Rent Stabilization Code, unanimously modified, on the law, to the extent of remanding the matter to DHCR for additional proceedings, and otherwise affirmed, without costs.

The IAS Court did not err by considering the issue of whether the "primary use" exemption to the Rent Stabilization Code (9 NYCRR 2520.6 [r] [4] [x]) was applicable here.

An article 78 proceeding is limited to consideration of the evidence and arguments raised before the agency when the administrative determination was rendered and "[t]he function of the court * * * is to determine * * * whether the determination had a rational basis in the record or was arbitrary and capricious" (*Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757, *affd* 58 NY2d 952). Here, since determination of the primary use issue is implicit in any rational determination pursuant to section 2520.6 (r) (4) (x) as to whether the Rent Stabilization Code was applicable to plaintiff's parking garage, and since the administrative record contained evidence relevant to determining the primary use issue, review by the IAS Court was appropriate.

However, it was error to resolve the issue on the basis of the record presented. The relevant evidence was limited and inconclusive and thus insufficient to make a determination. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.