■ In the Matter of RHINO ASSETS, LLC, et al., Appellants, v NEW YORK CITY DEPARTMENT FOR THE AGING, SCRIE PROGRAMS, Respondent. [819 NYS2d 247]—

Judgment, Supreme Court, New York County (Karen Smith, J.), entered July 18, 2005, which granted respondent's cross mo-

tion and dismissed the petition brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, and the matter remanded for a de novo factual determination of petitioner's request for documents from the Department for the Aging (DFTA).

Respondent DFTA administers the Senior Citizen Rent Increase Exemption (SCRIE) program, which exempts certain eligible heads of households over 62 years of age from rent increases on rent controlled or rent stabilized apartments. The landlords of such premises in turn receive a tax exemption in the amount of the rent reduction. DFTA maintains a file on each tenant who qualifies for the program. These typically include the tenant's application, income verification documents, proof of age, rental documents, and other miscellaneous items.

On September 23, 2004, petitioners, a group of New York City building owners, submitted a request of the DFTA, pursuant to New York's Freedom of Information Law ([FOIL] Public Officers Law § 87). They requested "copies of all documents contained within [respondent's] office files pertaining to 83 specified SCRIE tenants." DFTA did not respond to this request. Thereafter, on October 4, 2004, petitioners wrote to DFTA's Director of Policy and Litigation, requesting that this letter be considered an administrative appeal from the apparent denial of the FOIL request. DFTA made no written response to the appeal.

Petitioners then brought the instant article 78 proceeding to compel DFTA to comply with its obligations under FOIL. Respondent moved to dismiss the proceeding, and the court converted the motion to one for summary judgment. Respondent asserted, for the first time, that the disclosure of the documents would constitute an invasion of the tenants' privacy, and that certain of the income information was protected from disclosure by Tax Law § 697. The court granted respondent's motion to dismiss the petition. We reverse, and remand to the DFTA for a determination on the merits of the FOIL request.

Public Officers Law § 89 (3) provides, as relevant, that, "Each entity subject to the provisions of this article, *within five business days of the receipt of a written request for a record reasonably described, shall make such record available to the person requesting it, deny such request in writing or furnish a written acknowledgment of the receipt of such request and a statement of the approximate date, which shall be reasonable under the circumstances of the request, when such request will be granted or denied,* including, where appropriate, a statement that access to the record will be determined in accordance with subdivision

five of this section . . ." (emphasis supplied). Here, DFTA provided no response to petitioner's request. This was in direct violation of Public Officers Law § 89 (3). That section requires action in one of three forms: (1) making the documents available; (2) denying the request in writing; or (3) giving a written acknowledgment of the receipt of the request and a statement of the approximate date when the request would either be granted or denied.

Public Officers Law § 89 (4) (a) provides in relevant part: "any person denied access to a record may within thirty days appeal in writing such denial to the head, chief executive or governing body of the entity, or the person therefor designated by such head, chief executive, or governing body, *who shall within ten business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial,* or provide access to the record sought" (emphasis supplied). Again, in direct violation of that section, petitioners received no response from DFTA's Director of Policy and Litigation, to whom they had appealed.

Further, DFTA's belated rationale for failing to disclose the requested documents was insufficient to satisfy its statutory duty to provide a written response to petitioner's FOIL application. Thus, we reverse and remand so that the agency can comply with its statutory obligations (*see Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal,* 187 AD2d 320 [1992]; *Matter of 2433 Knapp St. Rest. Bar v Department of Consumer Affairs of City of N.Y.,* 150 AD2d 464 [1989]). Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.