[851 NYS2d 480]

In the Matter of RICHARD J. MOLLOY, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents.

First Department, February 7, 2008

**APPEARANCES OF COUNSEL**

*Richard J. Molloy,* appellant pro se.

*Michael A. Cardozo, Corporation Counsel,* New York City (*Alan Beckoff* and *Francis Caputo* of counsel), for respondents.

**OPINION OF THE COURT**

BUCKLEY, J.

Petitioner was convicted in 1999 of manslaughter in the second degree and sentenced to a prison term of 4 to 12 years for the shooting death of Patrick Phelan (*see People v Molloy,* 282 AD2d 311 [2001], *lv denied* 96 NY2d 922 [2001]). The defense theory at trial was that Phelan, an intoxicated, diminutive house painter, furtively removed the service revolver from the holster of the much larger petitioner, then an off-duty police officer, and committed suicide (*see People v Molloy,* 235 AD2d 48 [1997]).

Following his conviction, petitioner made a request pursuant to the Freedom of Information Law (FOIL) for documents relating to specified investigations by the New York City Police Department (NYPD) Internal Affairs Bureau (IAB) which purportedly would show a previous attempt by Phelan to take a pistol from another officer, as well as prior suicide attempts while in prison in Northern Ireland for activities pertaining to the IRA. The NYPD denied the request on the grounds that "the information would reveal non-routine investigative techniques" and "would identify a confidential source/confidential information."

Petitioner filed an administrative appeal, arguing that the requested documents were generated by routine investigative methods and did not implicate any confidential sources or information. The NYPD failed to respond to the administrative appeal within 10 days, although required to do so by Public Officers Law § 89 (4) (a), and petitioner commenced this CPLR article 78 proceeding. Thereafter, the NYPD issued a response to the administrative appeal, claiming, inter alia, that disclosure

of the sought information was barred by Civil Rights Law § 50-a (1), pursuant to which personnel records of a police officer "used to evaluate performance toward continued employment or promotion" are "considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order." The NYPD then cross-moved to dismiss the article 78 petition on that basis, which the court granted.

In relying on the NYPD's submissions tendered after the expiration of the 10-day administrative appeal response period, and after the commencement of the article 78 proceeding, Supreme Court improperly considered evidence outside the administrative record (*see Matter of HLV Assoc. v Aponte*, 223 AD2d 362 [1996]). The appropriate remedy under the circumstances is to remand to the Police Department (*see Matter of Rhino Assets, LLC v New York City Dept. for the Aging, SCRIE Programs*, 31 AD3d 292 [2006]), rather than to direct respondents to produce the requested materials.

The documents petitioner seeks, IAB records pertaining to an investigation into the actions of a Police Department detective, would appear to implicate, on their face, personnel records of a police officer within the meaning of Civil Rights Law § 50-a (1). As noted supra, under that statute, personnel records of a police officer "used to evaluate performance toward continued employment or promotion" are "considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order." Thus, "Civil Rights Law § 50-a unambiguously defines the records that are immune from *indiscriminate disclosure*" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 154 [1999] [emphasis added]). The confidentiality of the statute is designed to protect the police officer, not the Department (*id.* at 154-155), and therefore should not be deemed automatically waived by the inaction of the Department.

Moreover, where the breadth or good faith of the invocation of the statute is called into doubt, the court should make an in camera inspection of the requested documents (*see Matter of City of Newark v Law Dept. of City of N.Y.*, 305 AD2d 28, 34 [2003]). Indeed, the relief sought in the petition specifically includes a request for an in camera inspection. Therefore, remanding will not merely permit the NYPD to "craft its responses in an attempt to fit within the exceptions [to FOIL

disclosure],'' since the court can undertake an in camera inspection of the documents if the agency should deny the FOIL request, in whole or in part.

Accordingly, the order of the Supreme Court, New York County (Marilyn Shafer, J.), entered on or about June 7, 2005, which granted respondents' cross motion to dismiss the article 78 petition, should be reversed, on the law, without costs, the cross motion denied, and the matter remanded to the NYPD for further administrative proceedings consistent herewith.

CATTERSON, J. (concurring in part and dissenting in part). Because I believe that we should avoid the mischief attendant in a remand, I write separately. In my opinion, we should not only reverse but also order the respondents to produce the documents requested.

The petitioner is a former police officer, and currently confined to Woodbourne Correctional Facility. In April 1999, he was found guilty of manslaughter in the second degree and sentenced to 4 to 12 years for the shooting death of Patrick Heslin Phelan, a house painter. (*See People v Molloy*, 282 AD2d 311 [1st Dept 2001], *lv denied* 96 NY2d 922 [2001].) At trial, the petitioner's sole defense was that Phelan had surreptitiously removed the petitioner's service revolver and fatally shot himself. Following his conviction, the petitioner requested documents pursuant to the Freedom of Information Law (hereinafter referred to as FOIL) regarding an investigation conducted by the NYPD Internal Affairs Bureau (hereinafter referred to as IAB). The petitioner alleges that six months prior to trial, Phelan had attempted to surreptitiously remove a service revolver from another officer, Detective Byrnes, and that statements about this incident had been made to his superiors and to IAB. The petitioner also alleges that IAB conducted an investigation into prior suicide attempts made by Phelan while in prison in Northern Ireland for various IRA activities.

By a letter dated March 15, 2004 to the NYPD FOIL unit, the petitioner requested all records pertaining to the IAB investigation of Phelan with respect to his suicide attempts. Respondent NYPD denied the request by a letter dated March 31, 2004, on the grounds that release of the information would ''reveal nonroutine investigative techniques'' and ''identify a confidential source/confidential information.''

The petitioner timely filed an administrative appeal on April 18, 2004 challenging the respondents' determination as arbitrary, capricious, and irrational. He further claimed the

documents would not reveal non-routine investigative techniques or confidential sources or information. Specifically, the petitioner argued that the documents requested had been generated by question and answer interviews which is considered a routine investigative method. The petitioner also argued that at no time did any of the officers serve as confidential informants or possess confidential information under Public Officers Law § 87 (2).

The petitioner received no response from the NYPD regarding his administrative appeal. Under Public Officers Law § 89 (4) (a), the agency must "within ten business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought." The petitioner construed the failure to respond to be a constructive denial of his appeal and, that, therefore he had exhausted all his administrative remedies as required. On July 7, 2004, he filed a CPLR article 78 petition.

On August 4, 2004, more than two months after the petitioner's filing of the administrative appeal, and 28 days after filing the article 78 petition, NYPD Records Access Appeals Officer Jonathan David responded to the administrative appeal. The NYPD affirmed the denial of the petitioner's request, asserting (1) that access to the records was barred by statute (Civil Rights Law § 50-a); (2) that the records were "non-final intra-agency materials exempt pursuant to Public Officers Law § 87 (2) (g)"; and (3) that the records would identify confidential information or disclose confidential information relating to a criminal investigation pursuant to Public Officers Law § 87 (2) (e) (iii). In response to the petitioner's article 78 proceeding, the respondents cross-moved to dismiss the petition under CPLR 3211 (a) (2) and (7) on the grounds that the court lacked subject matter jurisdiction and the petition failed to state a cause of action because the records sought were exempt pursuant to Civil Rights Law § 50-a (1) and Public Officers Law § 87 (2) (a).

Public Officers Law § 87 (2) (a) provides that "[e]ach agency shall . . . make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that . . . are specifically exempted from disclosure by state or federal statute." Civil Rights Law § 50-a (1) provides that all personnel records "used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state . . . shall be considered confidential and not subject to inspection or

review without the express written consent of such police officer . . . except as may be mandated by lawful court order."

By a written decision dated June 7, 2005, Supreme Court analyzed the denial under Civil Rights Law § 50-a, and held that there was "substantial evidence to support a rational basis for Respondents' denial of [the] FOIL request" (2005 NY Slip Op 30243[U], *7). In effect, the court found that the records were " 'used to evaluate performance toward continued employment' within the ambit of Civil Rights Law § 50-a (1)" (id.).

The petitioner appeals that judgment on the grounds that the court below erred in denying his article 78 petition by considering evidence outside the administrative record. For the reasons set forth below, I concur with the majority in holding that the court erred in considering evidence outside of the record but I must respectfully dissent as to the remedy. The precedent established by this Court requires that on an article 78 proceeding the reviewing court is limited to consideration of evidence and arguments raised before the agency when the administrative determination was rendered.* Indeed, "[t]his Court has repeatedly rejected parties' attempts to raise issues on appeal where they neglected to raise those issues at an administrative hearing." (*Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [1st Dept 2007], citing *District Council 37, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v City of New York*, 22 AD3d 279, 284 [1st Dept 2005] and *Matter of Wallace v Environmental Control Bd. of City of N.Y. [Dept. of Consumer Affairs]*, 8 AD3d 78 [2004]; *see also Matter of Lewis v Village Bd. of Trustees of Vil. of Scotia*, 48 AD2d 952 [3d Dept 1975] [holding that an issue not raised in the prior hearing is not properly before the court].) Indisputably, "[f]or a court to consider evidentiary submissions as to the circumstances after the [NYPD] made its determination would violate [a] fundamental tenet of CPLR article 78 review—namely, that judicial review of administrative determinations is confined to the facts and record adduced before the agency." (*Matter of Torres v New York City Hous. Auth.*, 40 AD3d at 330, quoting *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000].)

---

* Interestingly, the lower court recognized this principle but then failed to apply it (holding that "[a]n [a]rticle 78 proceeding is limited to consideration of the evidence and arguments raised before the agency when the administrative determination was rendered and '[t]he function of the court . . . is to determine . . . whether the determination had a rational basis in the record' " [*id.* at *5, quoting *Matter of HLV Assoc. v Aponte*, 223 AD2d 362, 363 (1st Dept 1996)]).

In this case, the administrative record was limited to the evidence submitted *before* the petitioner commenced the instant action. The subsequent denial of the administrative appeal was based on new and different reasons and was submitted after the petitioner had correctly construed silence as constructive denial and had filed the article 78 petition. Thus, these were not issues raised previously at the administrative level, and so, in my opinion, were improperly submitted into evidence and considered by the court below when it granted the respondents' cross motion to dismiss the petition under CPLR 3211 (a) (2) and (7).

The respondents failed to take "the opportunity [afforded to them], in advance of possible judicial review, to prepare a record reflective of [their] expertise and judgment." (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978] [citations and internal quotation marks omitted].) In this case, it appears that once the article 78 proceeding had been commenced, the respondents crafted their answers to the rationale of the denial of the administrative appeal, thus circumventing the petitioner's article 78 petition. As a result, as the petitioner aptly states in his brief, "at the risk of mixing metaphors, [the respondents] were able to get a second bite of the apple after initially dropping the ball."

The purpose of FOIL is "[t]o promote open government and public accountability" and it "imposes a broad duty on government to make its records available to the public." (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996].) All documents are presumptively available for review unless they fall under one of the exceptions pursuant to Public Officers Law § 87 (2). (*See Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75 [1984].) The "exemptions [to FOIL] are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption." (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 109 [1992].) It necessarily follows that by allowing the NYPD to construct its previously unarticulated rationale to fit into an exception in the postadministrative phase, the majority circumvents the entire purpose of FOIL. Remanding the matter would undoubtedly produce the same result as it will allow the agency to now craft its responses in an attempt to fit within the exceptions.

Moreover, I contend that our determination in *Matter of Rhino Assets, LLC v New York City Dept. for the Aging, SCRIE Programs* (31 AD3d 292 [1st Dept 2006]) does not constrain us to

remand. In that case, the petitioners in a mandamus proceeding sought to compel the respondents to reply to their repeated requests for documents pursuant to FOIL. The respondents finally replied to the request in a cross motion for dismissal of the article 78 proceeding. The court ruled against the production of the documents on the basis of that reason. Since, no reason whatsoever was given at the administrative level, there was no record before the court, and so its ruling was improper. However, the petitioners, on appeal, pursued only mandamus relief. Thus, our determination ordering the respondents to provide a reply and remanding the matter for a hearing on the substantive merits of the reply provided precisely that relief sought by the petitioners on appeal.

MAZZARELLI, J.P., GONZALEZ and SWEENY, JJ., concur with BUCKLEY, J.; CATTERSON, J., concurs in part and dissents in part in a separate opinion.

Order, Supreme Court, New York County, entered on or about June 7, 2005, reversed, on the law, without costs, respondents' cross motion to dismiss the CPLR article 78 petition denied, and the matter remanded to the New York City Police Department for further administrative proceedings consistent herewith.