■ In the Matter of SCOTT A. WEILL, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [876 NYS2d 51]—

Judgment, Supreme Court, New York County (Leland G. DeGrasse, J.), entered May 1, 2008, which denied a petition seeking to annul respondents' determination terminating petitioner's employment as a New York City school teacher and dismissed this proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded to respondent Department of Education for it to provide its rationale, if any, for rejecting petitioner's excuse for his failure to request timely a hearing.

Petitioner was a tenured New York City school teacher whose employment was terminated by the Department of Education. Petitioner was accused of, among other things, showing an inappropriate movie to a class and making despicable comments to students. Shortly after he was served with notice of the charges, petitioner met with representatives of the United Federation of Teachers (UFT). At this meeting, petitioner filled out a form requesting a hearing on the charges; the UFT representatives told petitioner that they would ensure that the form was timely filed. That form was not, however, received by the Department within the required time frame (*see* Education Law § 3020-a [2] [c]).

After he received a letter informing him that he had failed to request a hearing and therefore had waived his right to a hearing, petitioner contacted the UFT. In an effort to secure a hearing, petitioner's UFT-assigned counsel sent to the Department attorney handling the matter an affidavit from petitioner offering an explanation of his failure to file a timely request (*see* Education Law § 3020-a [2] [d]). The Department attorney, however, refused to submit the affidavit to the panel assigned to hear petitioner's case because it contained not only petitioner's excuse for his failure to file a timely request for a hearing, but also averments challenging the disciplinary charges. According to the Department attorney, she would only submit to the panel

an affidavit addressed solely to petitioner's excuse. Petitioner's counsel then submitted to the Department attorney a "memorandum" in which he offered an excuse for petitioner's failure to file a timely request for a hearing; the Department attorney apparently provided this memorandum to the panel.

The panel acted on the charges against petitioner without affording him a hearing, and, following an inquest hearing at which the Department attorney presented a summary of "the evidence that DOE would have presented if the case proceeded to trial," the panel concluded that petitioner had engaged in the conduct alleged in the charges. The chairperson of the panel issued a determination listing the findings of fact made by the panel, specifying the misconduct committed by petitioner and terminating petitioner's employment.

Petitioner commenced this CPLR article 78 proceeding to annul that determination. Petitioner claimed that the panel's rejection of his excuse for his failure to request timely a hearing and concomitant failure to afford him a hearing was arbitrary and capricious. Petitioner also claimed that the penalty imposed by the panel was excessive. Supreme Court denied the petition and dismissed the proceeding, and this appeal ensued.

In reviewing an administrative determination that was made without a hearing, we are limited to determining whether the determination was arbitrary and capricious (CPLR 7803 [3]), i.e., lacks a rational basis (*see e.g. Siegel v Board of Educ. of City School Dist. of City of N.Y.*, 58 AD3d 474 [2009]). Critically, we may only consider evidence that was before the administrative agency (*see Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]; *Matter of HLV Assoc. v Aponte*, 223 AD2d 362 [1996]) and we can only review the grounds presented by the agency at the time of its determination (*see Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678 [1997]; *Matter of Blum v D'Angelo*, 15 AD2d 909, 909 [1962]; *see also Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914 [1977]).

Here, in its determination, the panel did not address petitioner's excuse for his failure to file a timely request for a hearing. Rather, the panel simply noted that petitioner had failed to file a timely request and that he had therefore waived his right to a hearing. Given the absence of any ground in the determination for the panel's rejection of petitioner's excuse, we must remand the matter to the panel for a statement of its rationale for rejecting the excuse. Then, and only then, can we perform the limited function that we are charged with in reviewing the determination of an administrative body—ascertaining whether that determination is arbitrary and capricious.

Although the Department attorney submitted an affidavit in opposition to petitioner's CPLR article 78 proceeding—in which she attempts to provide the *panel's* grounds for rejecting petitioner's excuse—we cannot consider it because it was not before the panel (*see Kelly, supra*; *HLV Assoc., supra*). More importantly, the attorney prosecuting the disciplinary proceeding cannot supply the panel's rationale for its determination; only the panel can supply its reasoning for the determination. Concur—Saxe, J.P., Buckley, McGuire and Freedman, JJ.