■ In the Matter of MICHAEL P. THOMAS, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [962 NYS2d 29]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 9, 2012, denying the petition seeking to compel respondents to disclose documents requested by petitioner pursuant to the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the proceeding reinstated, and the matter remanded for an in camera inspection of the requested documents to determine if redaction could strike an appropriate balance between personal privacy and public policy interests, and whether respondents otherwise assert applicable FOIL exemptions.

Petitioner is a public school teacher employed by the Manhattan Center for Science and Mathematics (MCSM), which allegedly receives funds under title I, part A of the Elementary and Secondary Education Act of 1965 (ESEA), reauthorized as the No Child Left Behind Act of 2001 (20 USC § 6301 *et seq.*). In August 2010, pursuant to the "No Child Left Behind Written Complaint and Appeal Procedures" adopted by the New York State Education Department, petitioner filed a complaint against the administrators of MCSM alleging that: "1. the [school's] 2009-2010 Comprehensive Educational Plan (CEP) was not developed with the involvement of parents and other members of the school community as required by Section 1114 (b) (2) (B) (ii) of Title I, Part A of the ESEA; 2. required components of a schoolwide program that address the needs of at-risk students were not implemented as required by Section 1114 (b) (2) and Section 1118 of Title I, Part A of the ESEA; 3.

Title I funds were misappropriated and were not used to implement the components of a schoolwide program as required by Section 1114 (b) (2) (A) (ii) of Title I, Part of the ESEA; and 4. the 2010-2011 CEP did not exist as required by Section 1114 (b) (2) (B) (ii) of Title I, Part A of the ESEA."

Respondent New York City Department of Education (DOE) referred the complaint to its Office of Special Investigations (OSI). After OSI found the allegations to be unsubstantiated, petitioner filed a FOIL request seeking the investigative report and related documents.

DOE's Central Record Access Officer (CRAO) denied the FOIL request pursuant to Public Officers Law § 87 (2) (b) on the ground that all of the OSI records were exempt from disclosure because they related to unsubstantiated allegations of misconduct and their release would constitute an unwarranted invasion of the personal privacy of the employees in question. Respondent Michael Best, General Counsel of DOE, denied petitioner's administrative appeal, finding that the CRAO's determination fell "well within the bounds" of the Committee on Open Government's published advisory opinions denying FOIL requests in the context of unsubstantiated complaints, and that redaction of identifying details would not protect the personal privacy of the subject individuals because petitioner filed the underlying complaint and therefore knew the identity of the persons whose details he would have DOE delete.

The No Child Left Behind Written Complaint and Appeal Procedures expressly contemplate FOIL requests for Investigative Reports, stating as follows: "Does the State Education Department maintain a record of all complaints/appeals? Yes. Copies of correspondence, related documents, investigative reports, and summary reports involved in the complaint/appeal resolution will be maintained by the State Education Department for five years. Records will be made available to interested parties in accordance with the provisions of the New York State Freedom of Information Law (Public Officers Law Sections 84-89)."

Pursuant to FOIL, government records are presumptively available to the public unless they are statutorily exempted by Public Officers Law § 87 (2) (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]). "Those exemptions are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption" (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 109 [1992]).

Public Officers Law § 87 (2) (b) permits an agency to deny ac-

cess to a document, or portion of a document, if disclosure "would constitute an unwarranted invasion of personal privacy." "What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable [person] of ordinary sensibilities" (*Matter of Beyah v Goord*, 309 AD2d 1049, 1050 [3d Dept 2003] [internal quotation marks omitted]).

"Public Officers Law § 89 (2) (b) says that an unwarranted invasion of personal privacy includes, but shall not be limited to seven specified kinds of disclosure. In a case, like this one, where none of the seven specifications is applicable, a court must decide whether any invasion of privacy . . . is unwarranted by balancing the privacy interests at stake against the public interest in [the] disclosure of the information" (*Matter of Harbatkin v New York City Dept. of Records & Info. Servs.*, 19 NY3d 373, 380 [2012] [internal quotation marks omitted]). However, the section does not create a blanket exemption. Public Officers Law § 89 (2) (c) (i) provides that "[u]nless otherwise provided by this article, disclosure shall not be construed to constitute an unwarranted invasion of personal privacy pursuant to paragraphs (a) and (b) of this subdivision: . . . when identifying details are deleted."

The federal No Child Left Behind Act of 2001 (the NCLB) states as follows: "The purpose of this subchapter [20 USC § 6301 *et seq.*] is to ensure that all children have a fair, equal, and significant opportunity to obtain a high-quality education and reach, at a minimum, proficiency on challenging State academic achievement standards and state [sic] academic assessments" (20 USC § 6301). Based on the theory that poverty and low scholastic achievement are closely related, subchapter I, part A of the NCLB, titled "Improving Basic Programs Operated by Local Educational Agencies," provides federal grants-in-aid to support compensatory education for disadvantaged children in low-income areas.

Petitioner's FOIL request sought the investigation report relating to his complaint against the administrators of MCSM, alleging that, in violation of the ESEA, the school's CEP was not developed with the involvement of parents and other members of the school community, that required components of the CEP were not implemented, and that title I funds were misappropriated. Issues involving the expenditure of education funds and the quality of education, and why a government agency determined that a complaint concerning a violation of federal law relating thereto is allegedly unsubstantiated, are of significant public interest.

Despite this significant public interest, respondents denied the FOIL request in its entirety, with respondent Best citing a published advisory opinion of the Committee on Open Government, which states that records related to unsubstantiated allegations of misconduct are not relevant to job performance and, therefore, disclosure constitutes an unwarranted, not a permissible, "invasion of personal privacy" (FOIL-AO-10399 [Oct. 31, 1997]; *see also* FOIL-AO-12005 [Mar. 21, 2000]). Acknowledging this policy, Supreme Court affirmed, stating in part that "[s]o long as the subject matter is quasi criminal in nature, as is the claim here, then the entire file of the investigation and the resulting findings, should be regarded as beyond the reach of [FOIL]."

However, advisory opinions issued by the Committee on Open Government "are not binding authority, but may be considered to be persuasive based on the strength of their reasoning and analysis" (*Matter of TJS of N.Y., Inc. v New York State Dept. of Taxation & Fin.*, 89 AD3d 239, 242 n [3d Dept 2011]; *see also Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 493 [1994]). There is no statutory blanket exemption for investigative records, even where the allegations of misconduct are "quasi criminal" in nature or not substantiated, and the ability to withhold records under FOIL can only be based on the effects of disclosure in conjunction with attendant facts (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996] ["blanket exemptions for particular types of documents are inimical to FOIL's policy of open government"]). Indeed, the Committee for Open Government has issued "advisory opinions regarding agencies' obligations under FOIL and has concluded, inter alia, that unless exempted under FOIL, the DOI [New York City Department of Investigation] must reveal the names of DOI employees who conducted an investigation once it has concluded (FOIL-AO-9399), communications between the DOI and the Department of State are subject to disclosure (FOIL-AO-4766), 'closing memoranda' prepared by the DOI as a result of an investigation are presumptively accessible to the public (FOIL-AO-9399), and the DOI must disclose all written documents, including reports and memoranda if sought pursuant to a FOIL request (FOIL-AO- 3656)" (*Murphy v City of New York*, 2008 NY Slip Op 31926[U], *18 [2008] [Sup Ct, NY County 2008] [DOI has no duty to ensure the confidentiality of its investigative reports, but, as a matter of law, is obligated to make available for public inspection all documents not specifically exempted under FOIL], *affd* 59 AD3d 301 [1st Dept 2009]).

For example, FOIL-AO-9399, cited in *Murphy*, dealt with a

request by the Daily News for closing memoranda prepared by the DOI. The advisory opinion explained that "if a final determination identifies a person who is the subject of a charge or allegation and the determination is that the charge or allegation has no merit, I believe that an applicant would have the right to obtain the substance of the determination, following the deletion of personally identifiable details. The Daily News may be interested not only in those cases in which charges have been substantiated, but also those in which the charges are found to have been without merit, perhaps as a means of attempting to ascertain more fully how DOI operates and carries out its official duties."

This reasoning applies equally to petitioner's FOIL request for OSI's investigative report and related documents. As the legislature declared in Public Officers Law § 84, "[t]he people's right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality."

FOIL-AO-10399, on which respondents rely, does not require otherwise. In that advisory opinion, which pertains to the disclosure of records related to an incident of alleged sexual harassment, the Committee stated as follows: "It is clear that public employees enjoy a lesser degree of privacy than others, for it has been found in various contexts that public employees are required to be more accountable than others. Further, the courts have found that, as a general rule, records that are relevant to the performance of a public employee's official duties are available, for disclosure in such instances would result in a permissible rather than an unwarranted invasion of personal privacy. Conversely, to the extent that records are irrelevant to the performance of one's official duties, it has been found that disclosure would indeed constitute an unwarranted invasion of personal privacy" (internal citations omitted).

Here, the underlying complaint pertains to MCSM's administrators' performance of their official duties when using and applying federal funds, and in constructing and implementing the CEP. Accordingly, this matter should be remanded to the article 78 court for an in camera inspection of the documents to determine if redaction could strike an appropriate balance between personal privacy and public interests and which material could be properly disclosed (*see Matter of Molloy v New York City Police Dept.*, 50 AD3d 98, 100-101 [1st Dept 2008]; *Kwasnik v City of New York*, 262 AD2d 171 [1st Dept 1999]). The court

should also determine whether portions of the documents may be exempt from disclosure as intra- or inter-agency records that are not statistical or factual data (Public Officers Law § 87 [2] [g]; *see generally Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Clark, JJ.