Matter of Oustatcher v Clark (2021 NY Slip Op 05295)





Matter of Oustatcher v Clark


2021 NY Slip Op 05295


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Gische, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 28720/20E Appeal No. 14271 Case No. 2021-00852 

[*1]In the Matter of Adam Oustatcher, Petitioner-Appellant,
v
Darcel D. Clark, in Her Official Capacity as The District Attorney of Bronx County, et al., Respondents-Respondents.


Adam Oustatcher, Garden City, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondents.



Judgment (denominated an order), Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered February 24, 2021, which denied the CPLR article 78 petition seeking an order compelling respondents to produce records responsive to certain FOIL requests propounded by petitioner, as well as attorneys' fees, unanimously reversed, on the law, without costs, the petition granted to the extent of remitting the subject requests to respondents for further administrative proceedings consistent herewith, and the matter remanded to Supreme Court for consideration of petitioner's request for attorneys' fees and costs.
Petitioner propounded the first of four sets of subject FOIL requests in September 2019. In December 2019, respondents constructively denied the September 2019 requests, by failing to respond on the date by which they initially stated a response would be forthcoming. In January 2020, respondents' FOIL appeals officer (FAO) granted petitioner's administrative appeal to the extent of remitting the September 2019 requests for processing. Shortly thereafter, respondents' records access officer (RAO) informed petitioner that, because of, among other things, the volume of petitioner's requests and other demands on respondents' resources, respondents would require six months (i.e., by July 3, 2020) to respond to the September 2019 requests. Petitioner administratively appealed, and the FAO affirmed, finding the six-month time frame to be reasonable.
Petitioner then propounded the second set of subject requests (the January 2020 requests). The RAO informed petitioner that respondents would respond to the January 2020 requests on the same date as the September 2019 requests; i.e., July 3, 2020. Petitioner administratively appealed, and the FAO adhered to the determination that this date was reasonable.
In March 2020, in response to the unfolding Covid-19 pandemic, the Governor and the Chief Administrative Judge of the Courts issued, respectively, a series of Executive Orders (EOs) and Administrative Orders (AOs). Among these, EO 202.6 directed, in sum, reductions of in-person workforce, with remote work where possible, while EO 202.8 "tolled" "time limit[s] for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state." AO 68/20, in turn, postponed "all non-essential functions of the courts," including trials, criminal and civil, while AO 78/20 directed that the courts accept no papers for filing except matters listed as essential.
In May 2020, petitioner propounded the third set of subject requests. Respondents' RAO informed petitioner that respondents would respond to the May 2020 requests on the same date as the September 2019 and January 2020 requests; i.e., July 3, 2020.
On July 6, 2020, petitioner informed the RAO that the July 3 deadline had passed with no response to the pending requests. The RAO replied that, on account of the Covid-19 crisis, [*2]respondents were "unable to provide a date certain to respond, until such time that [EO] 202.8" expired. The RAO added that "[a]ny date certain would be speculative."
On petitioner's administrative appeal, the FAO affirmed the RAO's determination declining to set a date certain for a response. The FAO asserted that EO 202.8 had tolled response deadlines under FOIL. The FAO added that, in any event, the Covid-19 crisis and accompanying EOs and AOs prevented respondents from responding to petitioner's requests "until such time as [those] orders are no longer in effect." Petitioner thereafter commenced the instant CPLR article 78 proceeding.
We find that respondents' first contention, that EO 202.8 tolled all FOIL deadlines, is unpersuasive. By its terms, EO 202.8 tolls legal "process[es] or proceeding[s] as prescribed by the procedural laws of the state" (emphasis added). The FOIL framework and deadlines for agency responses to requests are not "prescribed by the procedural laws," such as the CPLR and CPL. In the context of FOIL requests, legal "proceedings" ensue only when parties are unable to agree on a response to a request, and resort to the courts via CPLR article 78 proceedings. The conduct of article 78 proceedings are "prescribed by the procedural laws" of the CPLR. FOIL requests and responses are not so prescribed (see FOIL-AO-19780 [COOG Sept. 21, 2020]).
Hence, respondents' position that EO 202.8 tolls their obligation to respond to FOIL requests, is erroneous. Respondents' assertion that they cannot set a date certain until EO 202.8 is lifted, is likewise also unsustainable.
We also reject respondents' fallback position, that beyond EO 202.8's ostensible toll, the broader Covid-19 crisis, and the accompanying EOs and AOs limiting operations and mandating remote work, have made it practically impossible for them to respond to the subject FOIL requests. While the Court is surely cognizant of the additional stresses created by the Covid-19 crisis, respondents have not met their burden of establishing that the continuing crisis prevents them from setting a "reasonable time" to respond — let alone prevents them indefinitely from even attempting to respond (see Matter of Aron Law, PLLC v New York City Dept. of Educ., 192 AD3d 552, 552 [1st Dept 2021]).
Certainly, the Covid-19 crisis, and particularly the workforce restrictions and remote work mandates, must have had a significant impact on respondents' ability to perform all kinds of work, including responding to FOIL requests. It does not follow, however, that the pandemic has rendered respondents indefinitely incapable of any response, or even of any ability to calculate when they might be able to respond. Indeed, respondents have provided partial responses to at least some of petitioner's requests during the pandemic and have not met their burden of showing that they cannot set any reasonably certain response date for the remaining responses. They do not, for example, seek to estimate [*3]when their IT Department might substantially complete the transition to remote work, enabling it to turn to other tasks, such as assisting in responses to FOIL requests.
Accordingly, we grant the petition to the extent of remitting the subject FOIL requests to respondents, to comply with the statute, either by making the records available, denying the requests, or informing petitioner of an "approximate date, which shall be reasonable under the circumstances . . . when such request will be granted or denied[]" (Public Officers Law § 89[3][a]; 21 NYCRR 1401.5; see Matter of Molloy v New York City Police Dept., 50 AD3d 98, 100 [1st Dept 2008]; Matter of Rhino Assets, LLC v New York City Dept. for Aging, SCRIE Programs, 31 AD3d 292, 294 [1st Dept 2006]). Upon remittal, if respondents do not immediately grant or deny the requests, then they must set an approximate response date, which they must formulate according to the prescribed factors, namely the volume of documents; the ease or difficulty of locating, retrieving or generating them; the complexity of the request; the need to review documents to determine the extent to which they may be disclosed; and the number of requests pending (see 21 NYCRR 1401.5[d]).
Since petitioner has substantially prevailed, we likewise remand the matter to Supreme Court for calculation of attorneys' fees and costs (see Matter of Kohler-Hausmann v New York City Police Dept., 133 AD3d 437, 438 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021