| **Cook Out The Vote, Inc. v Board of Elections in the City of N.Y.** |
|:---:|
| 2024 NY Slip Op 30761(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152304/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                PART                **14**

*Justice*

-----------------------------------------------------------------------------X

COOK OUT THE VOTE, INC.,

                                Petitioner,

                        - v -

BOARD OF ELECTIONS IN THE CITY OF NEW YORK,
And RODNEY L. PEPE-SOUVENIR, SIMON SHAMOUN,
JOSE MIGUEL ARAUJO, MICHAEL J. COPPOTELLI,
JENNY LOW, GINO A. MARMORATO, JODI MORALES,
KEITH SULLIVAN, PATRICIA ANNE TAYLOR, FREDERIC
M. UMANE all in their official capacities
as Commissioners of Elections,

                                Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152304/2022 |
| MOTION DATE | 03/04/2024[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

The petition to annul respondent Board of Elections in the City of New York ("Board")'s

determination denying petitioner's Freedom of Information Law ("FOIL") request is decided as

described below.

**Background**

Petitioner contends it is a non-partisan 501(c)(3) nonprofit that advocates for a better

voting experience.  It contends it sent a FOIL request to the Board seeking information about

voters' check-in information, including the date and time of the voters' arrival. Petitioner

---

[1] The Court observes that this proceeding was pending before another judge since 2022 and assigned to the undersigned on March 4, 2024. In any event, the Court apologizes for the long delay in the resolution of this proceeding.

**152304/2022   COOK OUT THE VOTE, INC. vs. BOARD OF ELECTIONS IN THE CITY OF NEW YORK ET AL**
**Motion No.  001**                                                     **Page 1 of 7**

1 of 7

[* 1]

observes that the Board maintains this information as part of its responsibility to administer elections. It contends that the Board denied their FOIL request in an initial determination dated November 8, 2021.  In that letter, the Board noted that:

> "I am writing in response to your ongoing request for dates and timestamps of voter check-ins. Please know that we do not have this information in a form that is reportable to the public. Yes, our poll books record the time and date a voter checks in, but we do not generate a report of that information. Moreover, a voter check-in may not necessarily correlate to the voter casting the ballot. Please note this information is specifically not amassed to maintain the secrecy of the ballot"

> As to your request for the data used to produce the wait-time display, the information is transmitted from an app which our site coordinators are directed to use. It essentially asks them to visually gauge the lines and use either a red, yellow or green button to log what they see. It is contemporaneous, unscientific and observational. The information is not confirmed or reviewed for accuracy or aggregated, as it is not part of our statutory mandate" (NYSCEF Doc. No. 6).

Petitioner then appealed this initial denial in November 2021 and argued that the Board has the records in question and that they are subject to disclosure under FOIL (NYSCEF Doc. No. 7). The Board denied this appeal and observed that "This information is collected and stored cumulatively. That is, the number of check-ins by poll site is available however, the data is not reported on day-to-day basis - as reflected by the Board of Elections website. In order to give you numbers for each day for each poll site, someone would have to export the number for each day, for each poll site and create a new spreadsheet. As you know, the FOIL rules do not require us to do that. Additionally, these numbers are not retained, as this is not part of a mandated function under the Election Law, so we do not have any numbers for 2019 or 2020" (NYSCEF Doc. No. 8).  The Board added that "To the extent that we can give you numbers for each individual poll site, we will provide you with that information for early voting during the 2021 General Election (*id.*).

**152304/2022   COOK OUT THE VOTE, INC. vs. BOARD OF ELECTIONS IN THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 2 of 7**

2 of 7

[* 2]

Petitioner contends that the Board had no reasonable justification for the denial of its FOIL request. It emphasizes that the Board did not cite to any specific provisions of FOIL (under the Public Officers Law). Petitioner argues that the Board's contention that it would have to create new records in order to satisfy the FOIL request is misplaced as the Board admits it has the date and time information.

Petitioner points out that the Board uses voter check-in data to create reports which are then publicly disseminated and that petitioner simply wants the underlying data for these reports. Petitioner maintains that the fact that the number of people who check-in may not directly correlate to the number of votes case is of no moment. And it also rejects the Board's assertion that the secrecy of the ballot justifies the denial of the FOIL request. Petitioner points out that voter registration and voter history records are readily available through FOIL. It argues that data about when voters checked in does not reveal the contents of the ballot.

In opposition, the Board observes that petitioner's FOIL request has changed multiple times. Initially, petitioner sought the numbers of votes cast during early voting, the number of votes cast on election day and the number of votes cast by absentee ballot, all for the 2021 primary election for mayor. The Board insists that petitioner then changed its request in October 2021 to seek the date and time votes were cast in the primary election for mayor. Then, petitioner changed its request again to concern check-ins, which the Board argues is a different data set from votes. The Board contends that it is unclear which FOIL request petitioner seeks in this proceeding.

The Board notes that check-in data is hosted by third parties and is accessible only by four senior executive staff. It observes that it does not directly correlate with voting data because a person may decide to check-in but not to actually vote; alternatively, the Board points out that a

**152304/2022   COOK OUT THE VOTE, INC. vs. BOARD OF ELECTIONS IN THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 7**

3 of 7

[* 3]

person could vote by mail and not check-in anywhere. It emphasizes that this data is not widely available for privacy reasons and is used to optimize poll locations and times.

The Board observes that requests for this information to the third-party vendor only generate data sets per hour and they cannot span multiple days. It maintains that the data sets also do not differentiate between early voting sites and election day sites and so the Board has to manually manipulate the date to get this information. The Board observes that in order to produce early voting check-in data by polling site by day for each election from 2019 through 2021, reports would have to be run for each hour of each day of early voting. It insists this would take over 50 hours to produce such a report and it could not be contracted out as only four senior executives have the authority to access this data.

The Board argues that petitioner has not properly appealed the denial of its FOIL request as petitioner kept changing its FOIL requests. It claims that producing the records would be unduly burdensome. The Board also argues that revealing this information could constitute an unwarranted invasion of voters' personal privacy because this information could reveal how individual voters cast their ballots.

In reply, petitioner emphasizes that the initial denial and the denial of its appeal by the Board both addressed check-in data. It maintains that this shows this controversy is ripe for adjudication and the Court possesses subject matter jurisdiction. Petitioner insists that it did not make multiple requests and instead sought to refine its demand with the Board.

Petitioner argues that is has exhausted its administrative remedies and that the Board waived its personal privacy and burdensome arguments by not raising it below. It contends that the Board did not show that any exceptions to disclosure apply here.

**152304/2022   COOK OUT THE VOTE, INC. vs. BOARD OF ELECTIONS IN THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 7**

**Discussion**

As an initial matter, the Court observes that contrary to petitioner's arguments, its FOIL request materially changed over time. The initial request dated August 30, 2021 sought "In the 2021 Primary Election for Mayor, for each AD-ED, the number of votes cast during early voting (if possible on each day of early voting), the number of votes cast on Election Day, the number of votes cast by absentee ballots" (NYSCEF Doc. No. 4).

The subsequent discussion resulted in an email from the Board on November 1, 2021 in which it told petitioner that it does not have "Cast Vote records for the 2020 general election as such records were only available for ranked choice voting which was utilized in the 2021 primary election" (NYSCEF Doc. No. 5 at 5 of 12). On that same day, counsel for petitioner asks about information related to wait times at poll places (*id*. at 4 of 12).

The Board responded on November 3, 2021 that it does not have information about the exact time when an individual casts their vote (*id*. at 2 of 12). In response, petitioner asks for check-in information for the first time as that "might have a date or timestamp information" (*id*.). Then, after the Board issued its first denial on November 8, 2021, petitioner's counsel demanded "We are seeking information about when people arrive at poll sites so that we can understand where the early voting is being used and on what days. We would consider the request fulfilled if we were provided with check-in information on a poll site level" (*id*. at 1 of 12).

Clearly, information detailing the number of votes cast is significantly different from information about check-in information. As the Board points out, a voter may check-in but not actually vote or a voter may vote by mail and not check-in at all. And while petitioner contends the check-in information will likely correlate to the votes cast (and that may well be true), the

**152304/2022   COOK OUT THE VOTE, INC. vs. BOARD OF ELECTIONS IN THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 5 of 7**

5 of 7

Board pointed out that the check-in information is stored with third parties and only accessible by four senior officials.

The question in this proceeding is how to address the changing requests and the fact that, as petitioner correctly argues, respondents never cited privacy or that the demand was burdensome as justifications for the not producing documents. It is axiomatic that this Court cannot consider arguments that were not part of the administrative record (*Molloy v New York City Police Dept.*, 50 AD3d 98, 100, 851 NYS2d 480 [1st Dept 2008]). The Court therefore orders, just as in *Molloy*, that this proceeding be remanded back to the Board so that there can be a fully developed record about the information petitioner seeks (*id*.). To be clear, the purpose of this remand is for petitioner to clarify exactly what it wants in light of these papers and for the Board to respond directly to that clarification.

Petitioner could, of course, simply file a new FOIL request now that it has gained substantial details about how this information is stored.

**Summary**

In this Court's view, the parties attempted to work together to identify data sought by petitioner that could be disclosed pursuant to FOIL. But the communications between the parties showed that petitioner changed its request from focusing on votes cast to check-in information, two separate data sets. There is little doubt that the record before the Board was not fully developed as is evidenced by the arguments raised by the Board in this record. For instance, petitioner did not have a chance to address the Board's arguments about how the information is stored or that these records are only accessible by a limited number of officials.

**152304/2022 COOK OUT THE VOTE, INC. vs. BOARD OF ELECTIONS IN THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 6 of 7**

Also motivating the Court's decision is a desire to avoid the disclosure of records that could reveal how an individual person voted in a primary or general election. The Board attached newspaper articles detailing how researchers were able to identify how specific people voted through publicly available information (NYSCEF Doc. No. 23 and 24). But, as noted above, the Court cannot address this argument because it was not part of the administrative record developed below.

Accordingly, it is hereby

ORDERED that the petition is remanded back to the Board of Elections in the City of New York for further proceedings consistent with this decision.

| 3/11/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152304/2022   COOK OUT THE VOTE, INC. vs. BOARD OF ELECTIONS IN THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 7 of 7**

7 of 7