| |
|---|
| **Matter of Patriots Found. v New York City Comptrollers Off.** |
| 2026 NY Slip Op 31025(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 152146/2025 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. PHAEDRA F. PERRY-BOND** | PART 35 |
| *Justice* | |

-------------------------------------------------------------------X

IN THE MATTER OF THE PATRIOTS FOUNDATION

Petitioner,

- v -

NEW YORK CITY COMPTROLLERS OFFICE,

Respondent.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152146/2025 |
| MOTION DATE | 04/09/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for _____ ARTICLE 78 (BODY OR OFFICER) _____.

Upon the foregoing documents, the Petition is granted in part and denied in part. On February 13, 2024, petitioner submitted a Freedom of Information Law ("FOIL") request to Respondent requesting "all records from….January 1, 2020 to today, concerning" CNN, Time Warner, Warner Bros Discovery, News Corp, MSNBC, Turner Broadcasting System, Fox, and Fox News. Given the breadth of this request, Petitioner narrowed the request several times by seeking e-mails from 18 specific custodians across 8 identified terms. On April 9, 2024, Petitioner again narrowed its request to seek e-mails from 11 custodians. The request was narrowed against on May 16, 2024 and Respondent stated a response would be provided by July 26, 2024. The deadline for Respondent to produce any responsive documents was unilaterally extended to August 30, 2024, which was then extended again to December 13, 2024.

On September 6, 2024, Petitioner filed an appeal of the continuous unilateral extension of the deadline to respond to the request, but the appeal was denied. On December 13, 2024, Respondent produced documents, but Petitioner argues that the production was incomplete

152146/2025  IN THE MATTER OF THE PATRIOTS FOUNDATION vs. NEW YORK CITY COMPTROLLERS OFFICE
Motion No. 002

Page 1 of 5

1 of 5

because it contained blanket and overbroad redactions. Petitioner appealed this production on December 20, 2024. On January 14, 2025, Respondent granted the appeal in part and provided previously redacted documents, but appeal was denied as to other documents, which remained heavily redacted. Petitioner alleges it "believes that the Comptroller has still improperly redacted documents and failed to identify all responsive documents." Petitioner filed this action on February 18, 2025[1] and asks this Court to compel Respondent to produce responsive records within twenty days and to award Petitioner's legal fees.

In opposition, Respondent claims it produced over 20,000 pages of responsive documents and the particularized justifications for the redactions on its response are clearly displayed in the response.[2] Respondent also argues that in its appeal Petitioner never claimed that Respondent failed to produce all responsive documents but only appealed the issue of redactions. Finally, Respondent argues fees are not warranted here as Respondent produced over 20,000 pages of records prior to this Petition being filed.

As a preliminary matter, the administrative appeal filed by Respondent never claimed there were documents missing but only challenged the propriety of the redactions (*see* NYSCEF Doc. 55). Because judicial review in an article 78 proceeding is limited to the "facts and record adduced before the agency" Petitioner's argument that there are more responsive documents which have been withheld is not properly before the Court (*see Slesinger v Dept. of Housing Preservation and Development of City of New York*, 39 AD3d 246, 246 [1st Dept 2007] quoting *Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]). Because the issue of missing documents was never appealed or challenged in the administrative record before Respondent, the Court cannot consider that issue

---

[1] The Petition was subsequently amended on April 9, 2025.
[2] The documents are just redacted and a section of the Public Officers Law is slapped on the redacted page – there is no other explanation as to why the page was redacted or the substance of the redacted communication.

152146/2025 IN THE MATTER OF THE PATRIOTS FOUNDATION vs. NEW YORK CITY COMPTROLLERS OFFICE
Motion No. 002

Page 2 of 5

2 of 5

now (*see Molloy v New York City Police Dept.*, 50 AD3d 98, 99-100 [1st Dept 2008] [error for trial court to consider evidence and arguments outside of the administrative record]). Therefore, to the extent the Petition asks this Court to direct the production of documents which were allegedly withheld is denied.

However, the blanket exemptions applied to redactions spanning many pages, without a particularized "privilege log" detailing what the substance of the privileged communication and the particularized application of a privilege, constitutes a violation of FOIL. As held by the Court of Appeals, "exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*see Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]). The burden rests on the agency to demonstrate that the requested material qualifies for an exemption (*see Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]). "[B]lanket exemptions for particular types of documents are inimical to FOIL's policy of open government" (*Jewish Press, Inc. v New York City Department of Investigation*, 193 AD3d 461 [1st Dept 2021] quoting *Gould, supra*).

The attorney affirmation submitted in opposition to the Petition fails to justify the blanket exemptions and heavy-handed redactions for it fails to set forth any particularized basis for those redactions. The conclusory and imprecise rebuttal evidence fails to meet Respondent's burden under FOIL (*see Legal Aid Society v Records Access Officer*, 238 AD3d 17, 25 [1st Dept 2025]).

Because Respondent has failed to satisfy its burden, the Court is constrained to grant the Petition, albeit on certain conditions (*Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 ny3d 882, 885 [2009]). The Court is mindful of the breadth of documents produced

**152146/2025   IN THE MATTER OF THE PATRIOTS FOUNDATION vs. NEW YORK CITY**          Page 3 of 5
**COMPTROLLERS OFFICE**
**Motion No. 002**

[* 3]                                        3 of 5

which are responsive to the request and Respondent's strained resources given the volume of FOIL requests it receives each month. However, given the current record, and given Respondent's failure to apply FOIL exemptions in a sufficiently particular matter, it is impracticable for the Court at this juncture to engage in an in-camera review of over 20,000 documents (*see New York Civil Liberties union v New York State Office of Court Administration*, --- N.E.3d ----, 2025 N.Y. Slip Op. 05784 at *4 [2025] [after more particularized assertion of certain FOIL exemptions or privileges, Court should assess whether such documents fall within the asserted exemption, including by in camera review as necessary]0

Further proceedings must take place to narrow the issues and so that more particularized assertions of FOIL exemptions may be asserted. Therefore, the Court grants the Petition to the extent that within ninety (90) days from this Decision and Order, Respondent shall create a "privilege log" (i.e., a more particularized justification for redactions made to corresponding bates stamped documents, while identifying the substance of the documents that are redacted) for Petitioner's review and consideration. After the creation and disclosure of the privilege log, Petitioner shall, if warranted, file an administrative appeal with Respondent regarding any determinations it believes to be in violation of FOIL. If Petitioner disagrees with the result of that administrative appeal, it shall amend the Petition in this matter, wherein the Court shall conduct an *in camera* review of the challenged exemptions and award further relief as necessary.

Because Petitioner has succeeded on this Petition, as this Court agrees that the exemptions applied were done without the requisite particularity, Petitioner is entitled to an award of attorneys' fees (*see Madeiros v New York State Educ. Dept.*, 30 NY3d 67, 79 [2017] [disclosure compelled by Supreme Court's order provided sufficient basis to award fees in Article 78 arising from denial of FOIL request]). Therefore, within thirty days Petitioner shall submit a fee application. If

**152146/2025  IN THE MATTER OF THE PATRIOTS FOUNDATION vs. NEW YORK CITY COMPTROLLERS OFFICE**
**Motion No. 002**

**Page 4 of 5**

4 of 5

Petitioner is required to come back to the Court and successfully obtains a further order compelling disclosure, Petitioner may be entitled to a further award of fees.

Accordingly, it is hereby,

ORDERED that the Petition is granted to the extent that within ninety days of entry, Respondent shall produce to Petitioner a "privilege log" asserting with greater particularity the FOIL exemption justifying redactions to corresponding bates stamped documents, and identifying the substance of the document that is the subject of the redaction; and it is further

ORDERED that after receipt of said privilege log, Respondent may, if necessary, administratively appeal certain exemptions set forth in the privilege log; and it is further

ORDERED that if Petitioner is aggrieved by any decision arising from the aforementioned administrative appeal, the Petitioner may amend the Petition in this proceeding and seek further disclosure after an *in camera* review of the redacted documents, if necessary; and it is further

ORDERED that within thirty days of entry, counsel for Petitioner shall submit a fee application so an award of attorneys' fees can be issued; and it is further

ORDERED that if the Petitioner succeeds on any further application for disclosure, a supplemental award of fees may be issued; and it is further

ORDERED that within ten days of entry, counsel for Petitioner shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____
3/18/26
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 5]