Newell v Javier (2023 NY Slip Op 05192)

Newell v Javier

2023 NY Slip Op 05192

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 302650/15 Appeal No. 754 Case No. 2022-03964 

[*1]Anthony Newell, Plaintiff-Appellant,
v
Jose A. Javier, Defendant-Respondent. Tina D. Bronston, Defendant.

G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for appellant.
The Zweig Law Firm, P.C., Woodmere (Daniel P. Rifkin of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about May 10, 2022, which granted defendant Jose A. Javier's motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant made a prima facie showing that plaintiff did not sustain a serious injury to his right shoulder, cervical spine, and lumbar spine by submitting the affirmed reports of his experts, who found that plaintiff had normal range of motion and that his alleged injuries had resolved (see Stickney v Akhar, 187 AD3d 425, 425 [1st Dept 2020]; Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]).
In opposition, plaintiff failed to raise an issue of fact. Although plaintiff's expert opined that plaintiff remained injured as a result of the accident, he failed to address plaintiff's prior injuries to the claimed body parts, a previous accident less than two weeks earlier — which plaintiff failed to disclose at his September 2016 deposition — or why those injuries were different from those claimed as a result of the subject accident (see Antepara v Garcia, 194 AD3d 513, 514 [1st Dept 2021]; Bogle v Paredes, 170 AD3d 455, 455 [1st Dept 2019]; compare Hamilton v Marom, 178 AD3d 424, 425 [1st Dept 2019] ["plaintiff raised a triable issue of fact through the reports of his [experts] . . . who acknowledged the prior injury and surgery, and opined that there was a causal relationship between plaintiff's current . . . injuries and the accident").
Plaintiff's allegation in his bill of particulars that he was confined to home and bed for two months after the accident, and his testimony that this period was "maybe a couple weeks," defeats his 90/180-day claim (see Antepara, 194 AD3d at 514; Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]; Streeter v Stanley, 128 AD3d 477, 478 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023