**New York Civ. Liberties Union v New York City Police Dept.**

2024 NY Slip Op 30469(U)

February 13, 2024

Supreme Court, New York County

Docket Number: Index No. 160620/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** 14 |
| | *Justice* | |

-------------------------------------------------------------------------------X

NEW YORK CIVIL LIBERTIES UNION

Petitioner,

- v -

NEW YORK CITY POLICE DEPARTMENT,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160620/2023 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001)1- 13, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for _____LEGAL FEES_____ .

The instant application for legal fees is granted as described below.

**Background**

This Freedom of Information Law ("FOIL") petition was partially resolved by the parties (NYSCEF Doc. No. 17). That settlement noted that petitioner sought "records relating to Petitioner's FOIL request (FOIL-2023-056-24405), for the disaggregated, incident- level data used to produce the NYPD vehicle encounter reports for the Third Quarter of 2023" (*id*.). Respondent agreed *inter alia* to "disclose the disaggregated data for the Third Quarter vehicle encounter reports of 2023" (*id*.).

The Court observes that the parties' stipulation provided that respondent would file a cross-motion to dismiss by January 17, 2024. However, respondent ignored this *court-ordered* stipulation and, instead, petitioner filed a memorandum of law on January 31, 2024 in support of its claim for legal fees (although petitioner did not request a specific dollar amount).

**160620/2023  NEW YORK CIVIL LIBERTIES UNION vs. NEW YORK CITY POLICE DEPARTMENT**    **Page 1 of 5**
    **Motion No.  001**

1 of 5

Petitioner contends that it is entitled to legal fees because it prevailed in this litigation as respondent has agreed to produce (and respondent did, in fact, produce) records in response to this litigation. It argues that it filed a FOIL request on October 13, 2023 and respondent gave itself an unreasonable March 2024 production date. Petitioner observes that this delayed timeline prompted petitioner to bring the instant proceeding and then, only after it filed this petition, respondent quickly agreed to turn over the documents.

In opposition, respondent insists that it timely responded to the FOIL request and that its March 2024 deadline was within the statutorily prescribed time. It observes that it acknowledged the October 13, 2023 request on October 19, 2023. Respondent contends that it acted reasonably and that petitioner was not constructively denied access. It emphasizes that it eventually turned over the records on December 22, 2023 in accordance with the parties' stipulation.

**Discussion**

The instant procedural posture is confounding to the Court. Although petitioner filed a petition, respondent ignored the parties' own stipulation and never filed a cross-motion to dismiss in accordance with that stipulation. Nor did it file an answer in which it could raise objections. Instead, respondent waited for petitioner to file a supplementary memorandum of law in support of fees before its own filing a memorandum of law in opposition that includes substantive arguments about the merits of the petition.

As a procedural matter, the Court finds that petitioner is entitled to fees because respondent never filed a cross-motion to dismiss or an answer and therefore did not properly respond to the petition.

On the merits, the Court finds that petitioner is also entitled to fees on the ground that it substantially prevailed. Petitioner filed a FOIL request on October 13, 2023 for a limited data

**160620/2023   NEW YORK CIVIL LIBERTIES UNION vs. NEW YORK CITY POLICE DEPARTMENT**          **Page 2 of 5**
   **Motion No.  001**

2 of 5

[* 2]

set- spreadsheets for a limited time period (Quarter 3 of 2023); petitioner, apparently believing that the request was straightforward, insisted that the records be turned over in five business days (NYSCEF Doc. No. 4).

Respondent then offered a barebones acknowledgment in which it set a targeted response date of March 4, 2024. Petitioner appealed that response date and noted that its request "is sufficiently narrowed to a single electronic dataset that the NYPD maintains—a dataset the NYPD has already compiled and produced for separate time periods in response to two previous FOIL requests and litigation required to obtain completion of those requests" (NYSCEF Doc. No. 6 at 1). Petitioner emphasized that "the NYPD proposes a nearly five-month timeline to produce one quarter of data, yet the Department recently completed production of the NYCLU's request for a year's worth of data in under three months" (*id*.). Respondent then rejected petitioner's arguments by insisting that 90 business days (or March 5, 2024) was a reasonable amount of time (NYSCEF Doc. No. 7).

Public Officers Law § 89(4)(c) provides that

"The court in such a proceeding: (i) may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time; and (ii) shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access."

In these motion papers, respondent simply did not adequately explain its reasonable basis for its elongated timeline. Petitioner noted that the records it sought were already compiled by respondent and that respondent had issued an entire year's worth of records (not just a single quarter) in three months. And, most convincingly, petitioner observed that after it brought the

**160620/2023   NEW YORK CIVIL LIBERTIES UNION vs. NEW YORK CITY POLICE DEPARTMENT**             **Page 3 of 5**
**Motion No.  001**

3 of 5

instant petition, respondent was suddenly able to produce these records in December 2023, more than two months ahead of its initial schedule.

Respondent offered nothing in its memo of law to justify why it picked a deadline of March 5, 2024 or how it was able to get the documents ready by December 22, 2023. Without a reasonable justification, the Court is left with the impression that respondent was fully capable of producing these records well before its arbitrary March 2024 deadline and just gave petitioner the "run around."

The purpose of FOIL is to encourage full disclosure of governmental records, subject to various exceptions. Although agencies have some latitude in their time to respond (*see* Public Officers Law § 89[3][a]), that discretion is not intended to force parties to have to bring an Article 78 proceeding to get an agency to pay attention to a FOIL request (*see Matter of Madeiros v New York State Educ. Dept.,* 30 NY3d 67, 79, 64 NYS3d 635 [2017] [awarding legal fees, in part, on the ground that the respondent did not make any disclosures prior to petitioner's commencement of an Article 78 proceeding]).

Here, petitioner asked for records that it believed should not take respondent very long to produce. In fact, these were records that respondent had already produced for other time periods. When respondent proposed a ridiculous time period, petitioner reiterated, with specifics, why it thought the March deadline was too long. Instead of offering an adequate reason for why it would take so long or simply giving over the documents, respondent insisted it needed nearly five months to produce a few pages.

Even in this proceeding, no sufficient justification is given for why the March 2024 date was given. There is no indication this request was overly complicated or that some other factor necessitated the long wait time. "Since petitioner has substantially prevailed and respondents

160620/2023   NEW YORK CIVIL LIBERTIES UNION vs. NEW YORK CITY POLICE DEPARTMENT       Page 4 of 5
   Motion No. 001

4 of 5

had no reasonable basis for denying access," petitioner is entitled to reasonable legal fees (*NYP Holdings, Inc. v New York City Police Dept.*, 220 AD3d 487, 489, 198 NYS3d 7 [1st Dept 2023]).

However, the Court is unable to grant a specific amount of legal fees because, for some reason, petitioner did not ask for a specific amount nor did it include any invoices. Even more bizarrely, petitioner did not request a hearing to determine reasonable legal fees. Of course, that raises the question: how is this Court supposed to determine the amount to award petitioner?

Therefore, petitioner is directed to make a separate motion for legal fees on or before February 21, 2024. Petitioner may not request the amounts incurred in drafting this forthcoming motion because it should have included it in the memorandum of law requesting legal fees.

Accordingly, it is hereby

ORDERED that petitioner's request for reasonable legal fees, the only remaining issue in this proceeding, is granted and petitioner shall file a separate motion for such fees on or before February 21, 2024.

| 2/13/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160620/2023   NEW YORK CIVIL LIBERTIES UNION vs. NEW YORK CITY POLICE DEPARTMENT**          Page 5 of 5
  **Motion No.  001**

5 of 5