| **Whitfield v MTA Foil Team & Legal Dept.** |
|:---:|
| 2024 NY Slip Op 30768(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154850/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>**HON. ARLENE P. BLUTH**</u> | **PART**       **14** |

*Justice*

-------------------------------------------------------------------------------X

JOHN WHITFIELD,

                       Petitioner,

                - v -

   MTA FOIL TEAM AND LEGAL DEPARTMENT,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>154850/2023</u> |
| **MOTION DATE** | <u>N/A</u> |
| **MOTION SEQ. NO.** | <u>001</u> |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 23, 25, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53

were read on this motion to/for           <u>           ARTICLE 78 - FOIL           </u> .

       Respondent's cross-motion to dismiss is granted.

**Background**

       This Freedom of Information Law ("FOIL") proceeding concerns three different FOIL requests filed by petitioner. He filed two on March 21, 2023 and another on April 20, 2023. In them, he requested *inter alia* "all disciplinary proceedings filed against me" and "all records regarding an incident I was disciplined for." Petitioner claims he waited a month and then appealed the constructive denial of only the first request (he claims he did not appeal the second request " to see if MTA would detect that both requests were from the same requester").

       Petitioner then filed another FOIL request on the same day, April 20, 2023. Petitioner attaches a letter from respondent in which he noted that petitioner's constructive denial appeal is moot. He insists that there was no actual FOIL response to his appeal and that respondent never actually responded to any of his three FOIL appeals.

**154850/2023    WHITFIELD, JOHN vs. MTA FOIL TEAM AND LEGAL DEPARTMENT**           **Page 1 of 5**
**Motion No. 001**

1 of 5

Respondent cross-moves to dismiss. It observes that it responded to the first FOIL request on April 27, 2023 and that petitioner was told that because he was requesting employment, personnel and disciplinary records, he had to send "an original, notarized authorization" along with his request (NYSCEF Doc. No. 34 at 2). Respondent observes that petitioner also sought documents called G2s, which are statements from MTA employees and that petitioner could seek these records from his location supervisor. It argues that G2s are not stored in a universal database because they have varying purposes from discipline to risk management assessments.

With respect to the second request, respondent submitted a response in which it argues that this request, which dealt with manufacturer's records relating to electro-pneumatic brakes, was not reasonably described (NYSCEF Doc. No. 35). Respondent noted that it is a party to thousands of contracts and that petitioner's request for records did not identify specific agency staff or specific external parties where respondent should look for records (*id*.). Respondent contends that petitioner did not administratively appeal this decision.

Respondent observes that the third FOIL request was submitted via mail and that it was inadvertently marked as a duplicate and closed. It observes that petitioner never filed an appeal for this third FOIL request. It also observes that it has since turned over documents with respect to petitioner's first FOIL request.

Petitioner opposes the cross-motion and "cross-moves with respect to the cross-motion" in support of his claim for sanctions. He described communications with respondent's attorney and claims that respondent has refused to turn over documents it admits it possesses. Petitioner details certain work events relating to a respirator and how this violated OSHA rules.

He insists that this Court has jurisdiction over his second and third requests despite the fact that he never filed an administrative appeal for either one. Petitioner contends that an

**154850/2023   WHITFIELD, JOHN vs. MTA FOIL TEAM AND LEGAL DEPARTMENT**
**Motion No. 001**

**Page 2 of 5**

[* 2]

2 of 5

appeal was futile. Petitioner argues that respondent's conduct was frivolous and that he is entitled to recover sanctions as well as legal fees in this proceeding. He insists that respondent "attempted to maliciously injure me" in retaliation for bringing this proceeding.

In reply, respondent maintains that this Court should not consider petitioner's arguments about relief unrelated to this proceeding. It denies that there is some sort of conspiracy to harass petitioner. Respondent emphasizes that petitioner never administratively appealed the second and third FOIL requests and that it has now supplied petitioner with responsive records with respect to the first FOIL request.

Respondent stresses that it has 70,000 MTA employees and that G2s (the forms petitioner requests) are created daily for many, many purposes. It insists that these documents, which are created by MTA employees, are not saved or labeled for easy identification.

Petitioner offers a reply[1] in which he claims that respondent has not presented any evidence that he would have prevailed had he actually filed an administrative appeal of his second and third FOIL requests.

**Failure to Exhaust Administrative Remedies**

The Court denies the petition to the extent petitioner seeks relief under his second and third FOIL requests. Petitioner admits that he never sought administrative appeals for either of these FOIL requests. That compels the Court to deny these branches of the petition as he did not exhaust his administrative remedies (*Jamison v Tesler*, 300 AD2d 194, 194 [1st Dept 2002]). This is not a situation in which petitioner submitted an appeal and contends he waited a reasonable amount of time before bringing the instant proceeding.

---

[1] Although this response is technically an impermissible sur-reply, the Court will consider it as petitioner is self-represented.

**154850/2023   WHITFIELD, JOHN vs. MTA FOIL TEAM AND LEGAL DEPARTMENT**          **Page 3 of 5**
  **Motion No.  001**

3 of 5

Rather, he explicitly admits that he never filed an appeal for either one. Therefore, the Court cannot reach the question whether or not there was a constructive denial of his FOIL requests such that an appeal would be futile. Put another way, petitioner's insistence that an appeal would have been futile is mere speculation given the failure to appeal. In fact, the Court observes that petitioner alleged in the verified petition that he *chose not to appeal* the second FOIL request as part of "a test" he sought to give respondent (NYSCEF Doc. No. 1, ¶ 14). That admission negates any claim of futility with respect to a possible administrative appeal.

**First Request**

The Court denies this branch of the petition that seeks disclosure of records under the first FOIL request as moot as respondent insists it has turned over the responsive records (over 900 pages).

The Court finds that respondent met its burden with respect to the demands for the G2s. Respondent rationally observed that these are documents generated by MTA employees for various reasons and are not therefore readily sortable. Petitioner correctly observes that respondent should probably look into organizing these documents in a way that they can be retrieved in connection with FOIL proceedings or ordinary plenary actions. But FOIL only requires agencies to turn over documents; it does not require them to change their storage guidelines. Nor does it require respondent to create records. The papers submitted on this proceeding show that respondent turned over responsive documents within its possession and met its burden in response to a FOIL request.

And respondent is correct to point out that petitioner's complaints about the MTA's actions against him are irrelevant. This is not a plenary action in which petitioner has alleged affirmative causes of action against respondent and where the rules of discovery apply. That

**154850/2023   WHITFIELD, JOHN vs. MTA FOIL TEAM AND LEGAL DEPARTMENT**
**Motion No.  001**

**Page 4 of 5**

[* 4]

4 of 5

petitioner believes there is a conspiracy against him is not an issue in this proceeding; this is a proceeding about FOIL requests.

The Court declines to award any legal fees or sanctions. Although respondent did not turn over records until after this proceeding was commenced, the timeline does not show that respondent unreasonably denied access "for more than a year" (*NYP Holdings, Inc. v New York City Police Dept.*, 220 AD3d 487, 489 [1st Dept 2023]). Here, respondent issued its determination on April 27, 2023 in which it noted, in part, that petitioner had to get a notarized authorization for some of the records. Petitioner then brought this proceeding less than a month later. This is not a situation where petitioner refused to turn over documents for years (*see id.*).

There is also no basis for sanctions. Instead, the record shows that respondent and its attorney attempted to work with petitioner to disclose responsive records given the breadth of petitioner's requests.

Accordingly, it is hereby

ORDERED the respondent's cross-motion to dismiss is granted; and it is further

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements upon presentation of proper papers therefor.

| __3/11/2024__ | | | |
| :---: | :---: | :---: | :---: |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| :--- | :---: | :--- | :---: | :--- | :---: |
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154850/2023   WHITFIELD, JOHN vs. MTA FOIL TEAM AND LEGAL DEPARTMENT**
**Motion No.  001**

**Page 5 of 5**