| |
|---|
| **Rickner PLLC v City of New York** |
| 2024 NY Slip Op 30766(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153903/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. ARLENE P. BLUTH__     PART           14

*Justice*

-------------------------------------------------------------------------------X

RICKNER PLLC,

                      Petitioner,

            - v -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT

                      Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153903/2022 |
| MOTION DATE | 03/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61

were read on this motion to/for             ARTICLE 78 FOIL           .

The petition to annul respondents' determination regarding four separate requests under the Freedom of Information Law ("FOIL") is granted as described below.

**Background**

Petitioner brings this proceeding to challenge the denial of its FOIL requests that seek the full disciplinary history for 14 officers identified in four separate FOIL requests. It argues that respondents' objections are improper and there should be full disclosure of these records. Petitioner emphasizes that in related litigation, respondents have assured a federal court that they are working to ensure full transparency but they are refusing to disclose the requested information.

The subject FOIL requests were sent on January 28, 2021, two were sent on February 19, 2021 and the last was submitted on March 11, 2021. Petitioner argues that under the repeal of Civil Rights Law § 50-a, respondents must turn over the requested information. Petitioner also

**153903/2022  RICKNER PLLC vs. THE CITY OF NEW YORK ET AL**
Motion No.  001

**Page 1 of 6**

demands legal fees in accordance with the FOIL statutory scheme under Public Officers Law § 89(4).

Respondents cross-move to dismiss on the ground that the requests are unduly burdensome. They observe that the FOIL requests revealed 168 disciplinary cases that could be responsive to petitioner's requests and that a review of those files revealed 114 disciplinary cases that could be subject to disclosure (respondents contend they need not turn over files relating to technical infractions). Respondents observe that the "investigative worksheets" alone totaled 10,054 pages, a figure that does not include attachments. They estimate that there would be over 13,800 pages to review and put applicable redactions.

Respondents also argue that petitioner failed to exhaust its administrative remedies with respect to the fourth FOIL request and that it is premature to decide whether or not legal fees should be awarded.

In reply, petitioner contends that it afforded respondents additional time to comply with their requests and now suddenly claim that the requests are too burdensome. It alleges that in the more than two years since these requests were submitted, respondents have only produced 9 pages of records even though they admit in their cross-motion that they have over 10,000 pages. Petitioner theorizes that now that it appears objections related to the repeal of Civil Rights Law § 50-a are no longer viable, respondents have changed the basis of their denial in this proceeding. Petitioner also contends that it exhausted its administrative remedies as respondents closed their FOIL request; it insists that entitles it to bring the instant proceeding.

**Discussion**

"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public. The statute is based on the

**153903/2022   RICKNER PLLC vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 2 of 6

2 of 6

policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government. Consistent with the legislative declaration in Public Officers Law § 84, FOIL is liberally construed and its statutory exemptions narrowly interpreted. All records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that the material requested falls squarely within the ambit of one of the statutory exemptions. While FOIL exemptions are to be narrowly read, they must of course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 224-25, 76 NYS3d 460 [2018] [internal quotations and citation omitted]).

The Court observes that petitioner met its burden to show that it exhausted its administrative remedies. The record is replete with respondents' delays (*e.g.,* NYSCEF Doc. Nos. 16, 23 [delaying their own response deadlines]). To be sure, petitioner's requests seek a significant amount of documents. But this is not a situation in which a requestor simply files an Article 78 proceeding without seeking any administrative appeal whatsoever. The fact is that to the extent that petitioner did not obtain a final determination for every single one of its requests, its appeals were certainly constructively denied (*see* NYSCEF Doc. No. 29 [respondents' "closing out" of a FOIL request]).

Next, the Court finds that respondents' reliance on the privacy exemption to justify denial of these FOIL requests is without merit. The Appellate Division, First Department has found that the repeal of Civil Rights Law § 50-a applies retroactively to records created prior to the effective date of the relevant legislation (June 12, 2020) and that these types of police disciplinary records must be disclosed pursuant to a FOIL request (*NYP Holdings, Inc. v New*

**153903/2022  RICKNER PLLC vs. THE CITY OF NEW YORK ET AL**               **Page 3 of 6**
**Motion No.  001**

3 of 6

*York City Police Dept.*, 220 AD3d 487, 198 NYS3d 7 [1st Dept 2023]). The privacy exemption is not a basis to justify production only 9 pages of documents when respondents admit it has over 10,000 pages of responsive records (*Newsday, LLC v Nassau County Police Dept.*, 222 AD3d 85, 201 NYS3d 88 [2d Dept 2023] [concluding that the privacy exemption under FOIL did not apply to justify wholesale denial of a FOIL request for police disciplinary records]).

Next the Court must evaluate respondents' burdensome argument. Respondents argue, essentially, that they cannot produce these records (some of which they initially said they did not possess) because to do so would be overly burdensome. The problem for this Court is that argument was not properly raised in respondents' various denials of petitioner's FOIL requests. It is axiomatic that this Court cannot consider arguments that were not part of the administrative record (*Molloy v New York City Police Dept.*, 50 AD3d 98, 100, 851 NYS2d 480 [1st Dept 2008]).

Respondents contend for the first time in this proceeding that they have over 10,000 records and insist it would take many, many hours to go through these records. But nothing close to that argument was raised in the administrative proceedings below. Instead, respondents handed over a miniscule number of pages of responsive records; at no point did respondents provide any details on the thousands of pages they now claim are at issue.

Simply put, the purpose of FOIL to is to promote government transparency. It is not to continually delay response times, make a requestor bring an Article 78 proceeding and then, for the first time, contend that the request is overly burdensome. Petitioner's requests date back to 2021. It should not have to litigate about these requests for years only to have to deal with a brand-new argument raise for the first time in respondents' cross-motion.

**153903/2022   RICKNER PLLC vs. THE CITY OF NEW YORK ET AL**                    **Page 4 of 6**
  **Motion No.  001**

[* 4]                                                                4 of 6

Even if the Court could consider this belated burdensome argument, the Court finds that it is not a burdensome request in light of the First Department's ruling in *NYP Holdings, Inc.*, where the Court found that records related to 144 police officers had to be disclosed (*NYP Holdings, Inc.*, 220 AD3d at 489). Of course, the instant proceeding involves four FOIL requests. Had petitioner filed separate proceedings for each one of its FOIL requests, any burdensome argument would be less persuasive. Being more efficient (by bringing a single proceeding) is not a basis to satisfy a burdensome objection.

Therefore, the Court grants the petition. There is no need to permit respondents to answer and delay resolution of this proceeding any more (*Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc.*, 129 AD3d 885, 887 [2d Dept 2015] [observing that a Court may reach the merits of an Article 78 petition without permitting a respondent to answer where the parties have fully argued their positions in the record]).

Respondents must disclose the records they possess for the 114 disciplinary cases they identified in their cross-motion.[1] This disclosure should include redactions for identifying information of the complainants and any witnesses mentioned in these records (*see New York Civ. Liberties Union v New York City Dept. of Correction*, 213 AD3d 530, 531, 183 NYS3d 411 [1st Dept 2023], *lv to appeal denied*, 40 NY3d 909 [2024] [noting that disclosure under FOIL of unsubstantiated complaints should include redactions]). The Court finds that respondents should disclose this information on or before June 27, 2024; this should provide more than enough time go through these records.

---

[1] Respondents argue that they need not produce records relating to disciplinary cases for technical infractions and petitioner did not address this issue in reply. Therefore, the Court finds that respondents need not produce the records relating to these cases.

**153903/2022   RICKNER PLLC vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 5 of 6**

Moreover, because petitioner has substantially prevailed, it is entitled to recover reasonable legal fees (*NYP Holdings, Inc.* 220 AD3d at 489 [awarding legal fees in a FOIL proceeding]). Petitioner shall therefore file a motion for reasonable legal fees incurred to date on or before March 28, 2024; this assumes that respondents will comply timely with this order. If respondents fail to comply and petitioner incurs additional fees, additional legal fees may be awarded.

Accordingly, it is hereby

ORDERED that respondents' cross-motion to dismiss is denied; and it is further

ADJUDGED that the petition is granted and respondents shall turn over the responsive records contained in the 114 disciplinary cases they cited in this proceeding with appropriate reactions to protect complainants and witnesses by June 27, 2024, and petitioner is entitled to costs and disbursements upon presentation of proper papers therefor; and it is further

ORDERED that petitioner is entitled to reasonable legal fees and that issue is severed; petitioner is directed to file a motion for such fees on or before March 28, 2024.

| | | | | |
|---|---|---|---|---|
| **3/11/2024** | | | **ARLENE P. BLUTH, J.S.C.** | |
| **DATE** | | | | |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153903/2022 RICKNER PLLC vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 6 of 6**

6 of 6

[* 6]