| | |
|---|---|
| **Reclaim the Records v City of New York** | |
| 2024 NY Slip Op 31488(U) | |
| April 25, 2024 | |
| Supreme Court, New York County | |
| Docket Number: Index No. 156960/2023 | |
| Judge: Arlene P. Bluth | |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. | |
| This opinion is uncorrected and not selected for official publication. | |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**          **PART**          **14**

*Justice*

-----------------------------------------------------------------------------X

RECLAIM THE RECORDS, ALEC FERRETTI

Petitioners,

- v -

THE CITY OF NEW YORK, OFFICE OF THE CITY CLERK,

Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156960/2023 |
| **MOTION DATE** | 04/24/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

The petition to compel respondents to disclose records pursuant to petitioners' Freedom

of Information Law ("FOIL") request is granted in part as described below.

**Background**

On February 17, 2023, petitioners submitted a FOIL request that sought:

> I. All marriage records that are at least 50 years old as of the date of the processing this request
> II. All metadata for marriage records that are at least 50 years old as of the date of the processing of this request
> III. All marriage records that are less than 50 years old as of the date of the processing of this request
> IV. All metadata for marriage records that are less than 50 years old as of the date of the processing of this request" (NYSCEF Doc. No. 2).

Respondents acknowledged the request, noted they had received it on February 28, 2023,

and set a deadline of March 20, 2023 for respondents to issue a decision (NYSCEF Doc. No. 3).

However, respondents did not respond by March 20, 2023 and so petitioners filed an internal

appeal on April 5, 2023. That prompted respondents to issue a determination on April 7, 2023 in

[* 1]

which they granted access to twelve fields of data from 2018 to the present (NYSCEF Doc. No. 6). Examples of these data fields include the bride and groom's first and last name, the borough of the marriage license and well as the date of the marriage ceremony. However, respondents denied "access to the rest of the requested data pursuant to (i) Public Officers Law § 87(2)(a) together with Domestic Relations Law § 19 and (ii) Public Officers Law § 87(2)(b)" (*id*.).

Petitioners then appealed this determination and respondents affirmed their initial determination. Respondents noted that the fields of data for which they had denied the FOIL request included previous marriages, current place of residence, place of birth, parents' names and birthplaces and the spouses' forms of identification (NYSCEF Doc. No. 8). Respondents added that "There is a substantial personal interest in the confidentiality of the Denied Data and very little public interest in its disclosure. The information to which access was denied could, if disclosed, easily be used, alone or in combination with other information, to perpetrate identity theft. Consequently, the balancing test mandated by FOIL in determining whether to withhold information under the privacy exemption mandates denial of access in this case. In addition, section 19 of the Domestic Relations Law clearly states that the information to which access was denied is disclosable only whenever the same may be necessary or required for judicial or other proper purposes, none of which have been articulated by Reclaim the Records" (*id*.).

Petitioners argue that respondents did not provide a particularized or specific justification for denying access to the records sought in the FOIL request and that respondent should be required to turn over the requested information.

In opposition, respondents point out that petitioners sought all marriage records and related metadata from the last 100 years. They emphasize that the disclosure of these records would constitute an unwarranted invasion of privacy that could expose countless individuals to

**156960/2023   RECLAIM THE RECORDS ET AL vs. THE CITY OF NEW YORK ET AL**
   **Motion No.  001**

Page 2 of 6

identity theft. Respondents point to a decision in the Appellate Division, Third Department that they claim stands for the proposition that personal privacy interests outweigh any reason to disclose this information.

In reply,[1] petitioners complain that respondents limited the database of information from 2018 through 2023 and that there was no explanation for why records older than 50 years were not disclosed. They point out that the City Clerk's own website acknowledges the public availability of these records.

**Discussion**

"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public. The statute is based on the policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government. Consistent with the legislative declaration in Public Officers Law § 84, FOIL is liberally construed and its statutory exemptions narrowly interpreted. All records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that the material requested falls squarely within the ambit of one of the statutory exemptions. While FOIL exemptions are to be narrowly read, they must of course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 224-25, 76 NYS3d 460 [2018] [internal quotations and citation omitted]).

---

[1] Curiously, petitioners reply memo includes a certification of compliance with the word count limits that indicates the reply was 4,658 words (NYSCEF Doc. No. 36 at 15). But the limit for a reply is 4,200 words. Despite petitioners' violation of this rule, the Court will consider the reply submission.

**156960/2023   RECLAIM THE RECORDS ET AL vs. THE CITY OF NEW YORK ET AL**          **Page 3 of 6**
  **Motion No.  001**

3 of 6

As a preliminary matter, the Court observes that respondents' FOIL determination was not responsive to petitioners' FOIL request. Specifically, respondents bizarrely limited the time period of the request to 2018 through the present without any explanation. The initial FOIL request's first two categories included "All marriage records that are at least 50 years old as of the date of the processing this request" and "All metadata for marriage records that are at least 50 years old as of the date of the processing of this request." As petitioners point out, the applicable rule in the Administrative Code provides that "no information shall be released from a record of marriage unless the record has been on file for at least 50 years and the parties to the marriage are known to the applicants to be deceased" (10 NYCRR 35.5[c][4]).

And petitioners aptly cited to the City Clerk's website, which states that "A Marriage Record older than 50 years from today's date is considered a historic record and is available to the general public." The fact is that respondents did not cite any reason for why it ignored the first two categories of petitioners'' FOIL request and why they *sua sponte* limited the time period of the request to 2018 through the present. Therefore, respondents must provide access to the requested information for these first two categories. The Court observes that respondents appear to raise a "burdensome" argument in their opposition papers. But this was not raised in their denials at the agency level and so they cannot raise it here for the first time.

However, the Court affirms, in part, respondents' partial denial with respect to the remaining categories of requested information. This included requests for "All marriage records that are less than 50 years old as of the date of the processing of this request" and "All metadata for marriage records that are less than 50 years old as of the date of the processing of this request" (NYSCEF Doc. No. 2). This Court must follow the Appellate Division, Third Department's decision in *Hepps v New York State Dept. of Health* (183 AD3d 283, 122 NYS3d

**156960/2023   RECLAIM THE RECORDS ET AL vs. THE CITY OF NEW YORK ET AL**                    **Page 4 of 6**
   **Motion No.  001**

4 of 6

446 [3d Dept 2020]), which found that marriage records less than 50 years old were not subject to disclosure under FOIL as disclosure would constitute an unwarranted invasion of personal privacy. The Third Department noted that "We are persuaded that marrying parties—private persons—had every expectation that their personal information, although required to obtain a license to marry, would not be provided to third parties" (*id*. at 291).

Here, respondents rationally noted that there is a real threat of identify theft if they turned over the data fields not made available to petitioners. As the Third Department observed, "In short, in this Internet age, the potential for harm to thousands of private citizens from the disclosure of the personal information at issue far outweighs the presumed benefit to a few genealogical enthusiasts" (*id*. at 293). Accordingly, this Court affirms respondents' decision not to disclose certain data fields (i.e., the data fields defined as the "Denied Data" in NYSCEF Doc. No. 8).

However, the Court observes that respondents made twelve data fields available to petitioners (*id*.). The Court grants the petition to the extent that petitioners must be granted access to such data fields for the last 50 years as respondents were not entitled (as discussed above) to *sua sponte* limit the time period of petitioners' FOIL requests.

The Court also awards legal fees in light of the fact that petitioners have clearly substantially prevailed and respondents did not cite a reasonable basis for the vast majority of their denial (*see NYP Holdings, Inc. v New York City Police Dept.,* 220 AD3d 487, 489, 198 NYS3d 7 [1st Dept 2023]). Petitioners are directed to file a motion for reasonable legal fees on or before May 16, 2024.

**156960/2023   RECLAIM THE RECORDS ET AL vs. THE CITY OF NEW YORK ET AL**                    **Page 5 of 6**
  **Motion No.  001**

5 of 6

[* 5]

**Summary**

The Court observes that petitioners must be provided access to the marriage database for all data fields for marriage records older than 50 years and access to the 12 data fields for marriage records that are less than 50 years old.

Accordingly, it is hereby

ADJUDGED that the petition is granted in part as described above and petitioners are also entitled to recover costs and disbursements upon presentation of a proper papers to the County Clerk.

| 4/25/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156960/2023   RECLAIM THE RECORDS ET AL vs. THE CITY OF NEW YORK ET AL**      **Page 6 of 6**
**Motion No.  001**

6 of 6

[* 6]