| **Surveillance Tech. Oversight Project, Inc. v New York City Police Dept.** |
| --- |
| 2024 NY Slip Op 32162(U) |
| June 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158227/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**                          PART                          14

                                                     *Justice*

-----------------------------------------------------------------------------X

SURVEILLANCE TECHNOLOGY OVERSIGHT PROJECT, INC.,

                                              Petitioner,

FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE
CIVIL PRACTICE LAW AND RULES,


                            - v -

NEW YORK CITY POLICE DEPARTMENT, JORDAN S.
MAZUR IN HIS OFFICIAL CAPACITY AS RECORDS
ACCESS APPEALS OFFICER

                                              Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158227/2020 |
| MOTION DATE | N/A[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for                          ARTICLE 78                          .

Respondents' cross-motion to dismiss the petition, which seeks to compel respondents to

produce certain records pursuant to a Freedom of Information Law ("FOIL") request is denied

and respondents must answer on or before July 18, 2024.

---

[1] The Court must address the elephant in the room: this proceeding has been pending for far too long. The docket suggests the initial return date was in January 2021 and that some sort of conference may have been held in November 2021 although, obviously, no decision was ever issued. Although this case was only recently transferred to this part, the Court apologizes, on behalf of the court system, for the inexcusable and lengthy delay in the issuance of a decision on this motion.

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**                          **Page 1 of 6**
**Motion No.  001**

1 of 6

[* 1]

**Background**

In this FOIL proceeding, petitioner seeks records concerning a "Sentiment Meter." It argues that this tool measures public attitudes towards the NYPD and provides information at the precinct and neighborhood level. Petitioner contends that respondents have spent at least $3 million on this project but have refused to turn over much information about it. Petitioner alleges that respondents contracted with a private company ("Elucd") to develop the Sentiment Meter. Petitioner maintains that Elucd has acknowledged working with the NYPD and that Elucd has collected data from more than 250,000 New Yorkers.

Petitioner contends that the NYPD has cited an overall trust rating related to the Sentiment Meter but has not yet turned over information at the neighborhood or precinct level.

On November 26, 2019, petitioner sent a FOIL request to the NYPD that requested:

"1. Any and all contracts, memos, audits, reports, and communications (including emails) from 1/9/16 through 11/26/19 between the New York City Police Department and Elucd, Inc. 2. Any and all instructions, guides, guidelines, directions, rules, information, manuals, operations orders, memoranda, etc. from 1/9/16 through 11/26/19 in regards to the use of any product provided by Elucd, Inc." (NYSCEF Doc. No. 5).

In response, respondents denied the request and explained that "To the extent that the requested documents may exist, I must deny access because the production of the records would require extraordinary efforts not required under FOIL" (NYSCEF Doc. No. 8).

Petitioner then filed an administrative appeal, which largely focused on the fact that respondents' denial did not explain the reasoning behind the determination (NYSCEF Doc. No. 10).

Respondents issued a more detailed denial in response to this appeal the very next day (NYSCEF Doc. No. 11). They observed that they could not locate any contracts for the specific time period requested (*id*. at 1). With respect to the request for communications, respondents

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**   **Page 2 of 6**
**Motion No.  001**

2 of 6

claims that they found the "presence of 122,540 emails between the two parties for the time period requested and 159,104 communications about the use of any Elucd product" and so production of these records "would require extraordinary efforts that are not required under FOIL" (*id*. at 1-2).

Respondents also contend that disclosure of the records would constitute an unwarranted invasion of personal privacy and that some records would be subject to the inter-agency or intra-agency exemption to disclosure under FOIL. They also noted that they could not find any "instructions, guides, guidelines, directions, rules, information, manuals, operations orders, memoranda etc. related to Elucd, Inc." except for the communications cited earlier in the determination (*id*. at 3).

Petitioner complains that respondents have identified over 100,000 responsive records and simply refuse to review them. It argues that an agency cannot refuse to disclose records on the ground that some of them might be exempt from disclosure. Petitioner argues that respondents have not met their prima facie burden to show that disclosure of these records would be unduly burdensome.

Petitioner also points out that respondents did not address petitioner's request for memos, audits and reports between the NYPD and Elucd.

Respondents cross-move to dismiss on the ground that they need not engage in an unduly burdensome review process. They observe that they would have to retrieve hundreds of thousands of documents and that they could not hire a third-party vendor due to the sensitive nature of the documents. Respondents emphasize that they conducted a diligent search despite the fact that they issued the decision on the appeal a single day after petitioner filed its appeal.

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**
**Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

In reply, petitioner questions why respondents could not use common e-discovery tools to simplify the review process and complete it efficiently. It stresses that FOIL requires respondents to engage in reasonable efforts to produce documents.

**Discussion**

"All government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions . . . [B]lanket exemptions for particular types of documents are inimical to FOIL's policy of open government. Instead, to invoke one of the exemptions of section 87(2), the agency must articulate [a] particularized and specific justification for not disclosing requested documents" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274-75, 653 NYS2d 54 [1996] [internal quotations and citations omitted]).

The Court denies the cross-motion to dismiss. Respondents' contentions that the requests are unduly burdensome are not sufficient, at least at the motion to dismiss stage, to compel the Court to dismiss this entire proceeding. The Court requires more details about respondents' document review capabilities before reaching a determination on the burdensome issue. As petitioner points out, there are numerous e-discovery tools that enable reviewers to quickly go through many documents.

To be sure, the number of documents cited by respondents is voluminous but that does not automatically mean that respondents need not disclose these records (*see NYP Holdings, Inc. v New York City Police Dept.*, 220 AD3d 487, 489 [1st Dept 2023] [requiring respondent to turn over records for 144 officers despite respondents' contention before the trial court that it would be burdensome]). Solutions, such as a rolling production, or, potentially, an agreement between the parties to narrow the data set can achieve disclosure while also lessening the burden on the agency.

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**
**Motion No.  001**

**Page 4 of 6**

4 of 6

[* 4]

It may be that, in connection with the answer, respondents provide more details that compel the Court to find that disclosure would, in fact, be a burdensome exercise not required under FOIL. This Court has no interest in requiring respondents to engage in an impossible task. The Court merely finds that respondents need to provide more information about why the task is too burdensome. The whole purpose of FOIL is transparency; here, respondents are allegedly spending millions of dollars on a program to gather information about public attitudes and so more detail is required before this Court can deny petitioner's entire request for such information.

The Court observes that pursuant to CPLR 7804(f) "The respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer. If the motion is denied, the court shall permit the respondent to answer."

The Court recognizes that respondents focused almost exclusively on the burdensome issue in their cross-motion to dismiss (they did not, for instance, address the personal privacy exemption cited in the denial of petitioner's FOIL appeal). However, respondents were not required to address all of the issues in a cross-motion to dismiss—that is the purpose of an answer.

Therefore, respondents are directed to upload an answer on or before July 18, 2024 and petitioner shall have until July 29, 2024 to reply. The new return date for this proceeding will be July 30, 2024. That return date will be on submission only. While this Court cannot turn back the clock, it assures the parties that from now it will make every effort to move this proceeding as expeditiously as possible.

Accordingly, it is hereby

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**
**Motion No.  001**

Page 5 of 6

[* 5]

ORDERED that respondents' cross-motion to dismiss is denied; and it is further

ORDERED that respondents shall answer on or before July 18, 2024; and it is further

ORDERED that petitioner shall upload a reply, if any, by July 29, 2024; and it is further

ORDERED that the new return date for this motion, (MS001), shall be July 30, 2024.

| 6/26/2024 | | | |
|-----------|--|--|--|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|---|----------------------|--|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**                    **Page 6 of 6**
**Motion No.  001**

6 of 6

[* 6]