| **Surveillance Tech. Oversight Project, Inc. v New York City Police Dept.** |
|:---:|
| 2024 NY Slip Op 33228(U) |
| September 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158227/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                    PART                    14

                    *Justice*

-----------------------------------------------------------------------------X

SURVEILLANCE TECHNOLOGY OVERSIGHT PROJECT, INC.,FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES,

                    Petitioner,

                    - v -

NEW YORK CITY POLICE DEPARTMENT, JORDAN S. MAZUR IN HIS OFFICIAL CAPACITY AS RECORDS ACCESS APPEALS OFFICER

                    Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158227/2020 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for                    ARTICLE 78                    .

The petition to compel respondents to produce records pursuant to a Freedom of

Information Law ("FOIL") request is granted.

**Background**

In this FOIL proceeding, petitioner seeks records concerning a "Sentiment Meter." This

tool measures public attitudes towards the NYPD and provides information at both the precinct

and neighborhood level. Petitioner contends that respondents have spent at least $3 million on

this program but have refused to disclose much information about it.  Petitioner alleges that

respondents contracted with a private company ("Elucd") to develop this Sentiment Meter.

Petitioner maintains that Elucd has acknowledged working with the NYPD and that Elucd has

collected data from more than 250,000 New Yorkers. Petitioner contends that the NYPD has

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**
  **Motion No.  001**

Page 1 of 6

[* 1]

cited an overall trust rating related to the Sentiment Meter but has not yet turned over information at the neighborhood or precinct level.

On November 26, 2019, petitioner sent a FOIL request to the NYPD that requested:

"1. Any and all contracts, memos, audits, reports, and communications (including emails) from 1/9/16 through 11/26/19 between the New York City Police Department and Elucd, Inc. 2. Any and all instructions, guides, guidelines, directions, rules, information, manuals, operations orders, memoranda, etc. from 1/9/16 through 11/26/19 in regards to the use of any product provided by Elucd, Inc." (NYSCEF Doc. No. 5).

In response, respondents denied the request and explained that "To the extent that the requested documents may exist, I must deny access because the production of the records would require extraordinary efforts not required under FOIL" (NYSCEF Doc. No. 8).

Petitioner then filed an administrative appeal, which largely focused on the fact that respondents' denial did not explain the reasoning behind the determination (NYSCEF Doc. No. 10). Respondents issued a more detailed denial in response to the administrative appeal the very next day (NYSCEF Doc. No. 11). They observed that they could not locate any contracts for the specific time period requested (*id*. at 1).

This Court previously denied respondents' cross-motion to dismiss in NYSCEF Doc. No. 32. The Court observed that respondents' concerns about the voluminous number of documents to review were well taken, but that respondents did not meet their burden on a motion to dismiss. The Court noted that "It may be that, in connection with the answer, respondents provide more details that compel the Court to find that disclosure would, in fact, be a burdensome exercise not required under FOIL. This Court has no interest in requiring respondents to engage in an impossible task. The Court merely finds that respondents need to provide more information about why the task is too burdensome. The whole purpose of FOIL is transparency; here, respondents are allegedly spending millions of dollars on a program to gather information about

**158227/2020 SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**
**Motion No. 001**

**Page 2 of 6**

2 of 6

[* 2]

public attitudes and so more detail is required before this Court can deny petitioner's entire request for such information" (*id*. at 5).

Respondents now submit an answer in which they again assert that the number of records, at least 161,214 pages, is far too large for them to conduct a FOIL review. They insist that they are only required to produce records with a "reasonable effort" and the quantity of records here would require an extraordinary effort. Respondents contend that they cannot employ an outside vendor to review these documents as they contain sensitive information. They point out that some records might involve information about victims of sex offenses. Respondents emphasize that not all of the records contain relevant information, meaning that each record would have to be closely scrutinized to remove non-responsive information.

In reply, petitioner insists that respondents have not provided credible evidence that producing these requests would impose an unreasonable burden on them or that an outside service provider could not assist. It characterizes respondents' search as cursory and that they should be compelled to produce the requested records.

**Discussion**

"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public. The statute is based on the policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government. Consistent with the legislative declaration in Public Officers Law § 84, FOIL is liberally construed and its statutory exemptions narrowly interpreted. All records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that the material requested falls squarely within the ambit of one of the statutory exemptions. While FOIL exemptions are to be narrowly read, they must of

**158227/2020   SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**
**Motion No.  001**

**Page 3 of 6**

3 of 6

course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 224-25, 76 NYS3d 460 [2018] [internal quotations and citation omitted]).

The Court's analysis begins with Public Officers Law § 89(3)(a) which states, in pertinent part, that "An agency shall not deny a request on the basis that the request is voluminous or that locating or reviewing the requested records or providing the requested copies is burdensome because the agency lacks sufficient staffing or on any other basis if the agency may engage an outside professional service to provide copying, programming or other services required to provide the copy, the costs of which the agency may recover pursuant to paragraph (c) of subdivision one of section eighty-seven of this article."

The Court observes that this specific language was enacted in 2008, when "the Legislature enacted amendments to FOIL to 'recognize technology advances in the storage and collection of public records' (Senate Introducer's Mem in Support, Bill Jacket, L 2008, ch 223 at 9). Specifically, to 'ensure that FOIL requests for public documents are complied with and that an agency cannot use the excuse that the FOIL request is voluminous, burdensome or it lacks the staff' (Assembly Mem in Support, Bill Jacket, L 2008, ch 223 at 11)" (*Goldstein v Inc. Vil. of Mamaroneck*, 221 AD3d 111, 121, 199 NYS3d 564 [2d Dept 2023]).

Therefore, as an initial finding, respondents' assertions about the voluminous nature of the requests is without merit. The number of documents at issue here is certainly large, but courts have generally not embraced burdensome claims following the aforementioned amendments (*see e.g., NYP Holdings, Inc. v New York City Police Dept.*, 220 AD3d 487, 489

**158227/2020 SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**
**Motion No. 001**

**Page 4 of 6**

[* 4]

4 of 6

[1st Dept 2023] [requiring respondent to turn over records for 144 officers despite respondents' contention before the trial court that it would be burdensome]).

Moreover, the Court observes that the statute specifically provides that respondents could use an outside service to assist them if necessary. And, the Court agrees with petitioner's contention that respondents did not meet their burden to demonstrate why utilizing an outside service would not be possible. The records at issue here pertain to a Sentiment meter and so, at least on their face, they do not contain sensitive or personal information.

Respondent submitted an affirmation from one of its attorneys who claims in wholly conclusory fashion that the NYPD "has to use its own personnel to retrieve and review the records for exemptions before any disclosure, then apply the necessary redactions. Outsourcing such a task to a vendor would be impractical and unreasonable given that the NYPD would have to allow the vendor access to its law enforcement sensitive records that are replete with confidential information and personally identifying information as well as records that are protected under the intra-agency and inter-agency exceptions" (NYSCEF Doc. No. 36, ¶ 12). No examples or descriptions were included to justify this contention. As noted above, this is not a situation in which petitioner requested records that would obviously include personal information, such as documents about victims. The Court stresses that the FOIL request at issue involves communications with an outside third-party Elucd.

And, of course, any broader concerns about privacy can be mollified by including redactions for personal information (*see New York Civ. Liberties Union v New York City Dept. of Correction*, 213 AD3d 530, 531, 183 NYS3d 411 [1st Dept 2023], *lv to appeal denied*, 40 NY3d 909 [2024]).

**158227/2020  SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**  **Page 5 of 6**
**Motion No.  001**

5 of 6

[* 5]

**Summary**

Respondents' concerns about the number of records at issue is understandable. But the FOIL statute is clearly designed to discourage burdensome arguments. And while the total number of pages here is large, it is not so voluminous so as to render responding a wholly impossible task. Respondents are certainly free to utilize an outside vendor to assist in this task and, of course, respondents may include redactions where appropriate under the relevant caselaw.

The Court also awards legal fees in light of the fact that petitioner substantially prevailed and respondents did not cite a reasonable basis for their denial (*see NYP Holdings, Inc. v New York City Police Dept.,* 220 AD3d 487, 489, 198 NYS3d 7 [1st Dept 2023]).

Accordingly, it is hereby

ADJUDGED that the petition is granted and respondents are directed to produce all responsive records, with appropriate redactions, with respect to the subject FOIL request on or before January 31, 2025 (respondents may obtain an extension of this deadline via a stipulation with petitioner or by making a properly supported motion); and it is further

ORDERED that the issue of reasonable legal fees is severed and petitioner is directed to make a motion for a specific amount of fees on or before October 10, 2024.

| 9/16/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158227/2020  SURVEILLANCE TECHNOLOGY vs. NEW YORK CITY POLICE**                    **Page 6 of 6**
**Motion No.  001**

6 of 6

[* 6]